134   376
d143  ³702.

COREY *v.* CITY OF ANN ARBOR.[1]

1. MUNICIPAL CORPORATIONS—SIDEWALKS—NOTICE OF DEFECTS.
   The mere fact that a sidewalk was in an icy condition from Monday night to Friday following does not justify a holding that the city officials had knowledge of the defect.

2. SAME—PRESUMPTIONS.
   Notice to a city that a sidewalk was in an icy condition cannot be inferred from the fact that the president of the council lived on the opposite side of the street, and frequently took a street car in front of his house.

3. SAME—HIGHWAY OFFICERS—CITY CLERK—PATROLMEN.
   Patrolmen and a city clerk are not highway officers, charged with the duty of seeing that sidewalks are kept in a safe condition for public travel, and their knowledge of a defective sidewalk is not notice to the city.

Error to Washtenaw; Kinne, J. Submitted June 9, 1903. (Docket No. 40.) Decided September 15, 1903.

[1] Rehearing denied March 15, 1904.

Case by Ratie E. Corey against the city of Ann Arbor for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Lehmann & Stivers*, for appellant.

*O. E. Butterfield* (*John F. Lawrence*, of counsel), for appellee.

HOOKER, C. J. The circuit judge who tried this cause directed a verdict for the defendant, and the plaintiff has brought the case to this court by writ of error. She was injured through a fall upon an icy sidewalk, the ice being occasioned by the freezing of water which flowed upon the sidewalk from a hydrant upon the premises of an adjacent proprietor, according to the plaintiff's claim. Defendant's counsel maintain that it was not shown that she fell upon this ice, but we think there was testimony from which it might be inferred. The questions in the case are (1) whether the city is chargeable with notice, and an opportunity to repair, and (2) whether the statute imposes a liability upon a city in such a case.

This is the second appeal; a former opinion being found in 124 Mich. 134 (82 N. W. 804). It was there held that, in the absence of proof that the condition of the walk was notorious, or of proof of actual notice, or that any of the city officers charged with the duty of seeing that the walks were kept in safe condition had been along the street during such time, the fact that the icy condition of the walk had existed from Tuesday to Friday would not justify an inference of notice which would warrant recovery. We discover no essential difference in the evidence upon the two trials as to the length of time that the ice was upon the walk. The opinion indicates that it was shown on the former trial that the water flowed on the walk and froze on Tuesday. It is now claimed that it occurred Monday night, and the accident was shown to have happened

on Friday night in both trials.   The difference is not such as to justify a holding that a presumption of knowledge might be found in one case, and not the other.

The case is said to be different upon this record in relation to notice.  Counsel say that the jury should have been allowed to infer notice of the dangerous condition from the following testimony, viz.:  The president of the council lived on the opposite side of the street from the place of the accident, and took a street car frequently in front of his house.   Two patrolmen were frequently met and seen on Williams street, the street upon which the accident happened.   Glen V. Mills, the city clerk, was seen to pass over this walk the day before the accident, and his wife was over the walk several times within a day or two before the accident.   We have held that knowledge of highway officers, or those having the highways in charge, and upon whom rested the responsibility for their condition, would be a notice to the municipality; but none of the persons named is such an officer, unless it be the president of the council, and, if he was such (which we do not decide), there is no evidence that he knew of the ice. Counsel urge that the jury should have been allowed to infer such knowledge from the fact that he resided, and frequently took the street car, opposite; but we think not. Counsel dwell upon the knowledge of the clerk, and insist that the duties imposed by law to keep the books and act as clerk of the board of public works, etc., make notice to him sufficient.   This was passed upon before, as it was then shown that the clerk had been along the street, and it was urged then, as now, that this was notice to the defendant.   It was said in the opinion:  "It is not shown that any officer of the city, charged with the duty to see that the sidewalks were kept in safe condition for public travel, had been along this street during that time;" and this could not have been said if the clerk was such officer. No such duty or responsibility was shown on either trial. We think the learned circuit judge was right in saying

that the testimony was substantially the same as upon the former trial.

The judgment is affirmed.

The other Justices concurred.