WEITZEL *v.* VILLAGE OF FOWLER.

1. MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — PERSONAL INJURIES—SIDEWALKS—NOTICE OF DEFECT.

Notice to the street commissioner of a village of defects in a sidewalk is notice to the village (§§ 2744, 3443, 1 Comp. Laws).

2. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES—ACTIONS—EVIDENCE.

In an action against a village for a personal injury received on a defective sidewalk, evidence of the general defective condition of the walk in the vicinity of the place of the accident is competent.

3. SAME—REPAIRS—SUBSEQUENT NOTICE OF DEFECT.

Evidence that a private citizen repaired a defective sidewalk upon which an injury afterwards occurred is not evidence of such repairs as the statute contemplates and does not require plaintiff, suing for the injury, to prove that the walk had become out of repair after the repairs made by the private citizen.

4. EVIDENCE—REPUTATION—MATERIALITY.

Where, in a personal injury case, the issue is whether plaintiff's leg was broken, and plaintiff employed two physicians, one of whom testifies that the leg was broken, it is improper to ask a professional witness offered by defendant if plaintiff's physicians are not reputable physicians.

5. SAME—HARMLESS ERROR.

Error in admitting evidence on the issue of whether plaintiff's leg was broken is harmless to defendant where the smallness of the verdict shows that the jury did not find that the leg was broken.

Error to Clinton; Stone, J. Submitted February 13, 1906. (Docket No. 146.) Decided April 30, 1906.

Case by Jacob Weitzel against the village of Fowler for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff recovered a verdict and judgment for $150 for damages claimed to have been received by falling on a defective sidewalk of the defendant village. He and his wife were walking home from a visit to a neighbor. She stepped upon a loose plank, the other end of which flew up and tripped the plaintiff, in consequence of which he fell. He claimed that his leg was broken. The place of the accident was in front of the lot owned by a Mrs. Gadt, and near the line between her lot and that of one Mrs. Whittaker.

The defenses are:

1. That notice to the street commissioner of the village, of the defective condition of the walk, was not notice to the village.

2. That notice of the defective condition in front of the Whittaker premises was not notice of the defect in front of the Gadt premises.

3. That it was error to permit evidence of the condition of the walk about 25 feet distant from the point where the accident occurred.

4. That some repairs were placed upon the walk about a week previous to the accident, and there was no evidence that the walk was out of repair after that time, or of notice to defendant.

*John G. Patterson* (*Dooling & Kelley*, of counsel), for appellant.

*H. E. Walbridge*, for appellee.

GRANT, J. (*after stating the facts*). 1. About two weeks before the accident, notice of the defect was given to the street commissioner by one who fell within two or three feet of this same place, in substantially the same way. Defendant claims that the street commissioner had no duty, under the law, to inform the council of the defect in the walk, and no authority to repair without their instruction. Under the statute—

"Street commissioners, * * * having special charge of highways, streets, bridges, sidewalks, cross-walks and

culverts, and the care or repairing thereof are hereby made and declared to be the officers of the village, * * * and shall be subject to the general direction of such township, village, city, etc." 1 Comp. Laws, § 3443.

By section 2744 it is made the duty of the street commissioner to perform such labor, repairs, etc., upon streets, sidewalks, etc., as the council shall direct, and to oversee and do whatever may be required of him in relation thereto by the council.

It is true that the law does not expressly provide that the street commissioner shall give notice to the common council of defects in streets and sidewalks that come to his knowledge. It is also true that he cannot of his own motion make repairs. He is, however, the proper officer to look after the streets, and to be notified of defects. Regardless of any express provision of the statute, it his duty, upon being notified of defects, to inform the common council, in order that they may be remedied. The very name "street commissioner" implies that he is the proper channel through whom the council may be informed of defective streets and sidewalks. The case of *Corey* v. *City of Ann Arbor*, 134 Mich. 376, does not apply. In that case it was held that a patrolman and city clerk had nothing whatever to do with the streets, and therefore notice or knowledge to them was no notice or knowledge to the city. The street commissioner testified that, whenever he heard that a sidewalk was out of repair, he notified the street committee, and that in this instance he did notify the committee.

2. It was entirely competent to give evidence of the general defective condition of the sidewalk in the vicinity of the place of the accident. *Will* v. *Village of Mendon*, 108 Mich. 251; *Styles* v. *Village of Decatur*, 131 Mich. 443. This covers the second and third defenses.

3. Evidence that one Briggs, a private citizen, of his own motion, put in one plank in place of two broken planks about two weeks before the accident, is not evidence of such repairs as the statute contemplates on the

part of the city, and did not therefore require the plaintiff to prove that the sidewalk had become out of repair after the repair made by Mr. Briggs.

4. Plaintiff employed two physicians, a father and son. The son, a witness for plaintiff, testified that he and his father attended plaintiff, and that his leg was broken. It was the contention of the defendant that his leg was not broken, and that, if it had been, it would have been impossible for him to walk, as he did, from the place of the accident to his home. The defendant introduced a physician, who on cross-examination was asked if the two physicians who attended the plaintiff were not reputable physicians. The testimony was incompetent, but it is entirely clear that it was not prejudicial. The smallness of the verdict shows that the jury did not find that the plaintiff's leg was broken. Its admission was therefore error without prejudice.

Judgment affirmed.

McALVAY, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.