SCHROEDER v DEPARTMENT OF TRANSPORTATION

Docket No. 89803. Submitted November 4, 1986, at Lansing. Decided April 20, 1987.

David Schroeder was injured when the motorcycle he was driving ran into a car which was parked partially in the left-hand lane and partially in the median of Michigan Avenue in Canton Township. The car had been involved in an accident approximately twenty to thirty minutes prior to Schroeder's collision and had been left in that position by its driver. Canton Township police and firefighters were on the scene when Schroeder collided with the car. Schroeder filed suit against the Department of Transportation in the Court of Claims alleging that defendant should be held liable for failure to maintain a safe highway. The court, Robert Holmes Bell, J., granted summary disposition in favor of defendant, finding that the fact that Canton Township police had knowledge of the damaged car's being parked partially on the roadway did not constitute notice to the Department of Transportation of the dangerous condition in the road and that lack of notice constituted a complete defense. Defendant therefore was not liable under the defective highway exception to governmental immunity. Plaintiff appealed.

The Court of Appeals *held*:

Actual notice to the investigating police agency, i.e., the Canton Township Police Department, does not constitute constructive notice to the Department of Transportation since the Canton Township Police Department was neither the agency which had jurisdiction over the highway nor an agency which had contracted to maintain that highway. Furthermore, the twenty- to thirty-minute period of time between the first accident and plaintiff's collision with the disabled car was not a reasonable time within which the Department of Transporta-

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 411 *et seq.*; 588.

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

tion could have been notified of and have removed the disabled car.

Affirmed.

1. HIGHWAYS — DEFECTIVE HIGHWAYS — NOTICE OF DEFECT.

   Actual notice to an investigating police agency of a dangerous condition in a state highway does not constitute constructive notice of the condition to the state Department of Transportation where the police department is neither the agency having jurisdiction over the highway nor an agency which had contracted to maintain that highway.

2. HIGHWAYS — DEFECTIVE HIGHWAYS — STATE LIABILITY.

   A plaintiff, in order to recover damages from the state for injuries incurred because of a defective highway condition, must show that the state knew, or in the exercise of reasonable diligence should have known, of the defect in the highway and had a reasonable time to repair it before the injury occurred (MCL 691.1403; MSA 3.996[103]).

*Law Offices of Arnold O. Shapero* (by *David W. Martin*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Terry L. Norton,* Assistant Attorneys General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,* JJ.

PER CURIAM. Plaintiff appeals as of right from the entry of an order of summary judgment under MCR 2.116(C)(10) in favor of defendant Michigan Department of Transportation. The sole issue on appeal is whether the Department of Transportation had sufficient notice of a dangerous condition in a highway and reasonable time within which to correct the defect before plaintiff's injury occurred. We find that the notice at issue in the instant case was not sufficient to enable the Department of

* Circuit judge, sitting on the Court of Appeals by assignment.

Transportation reasonable time to correct the defect and, therefore, affirm summary judgment in defendant's favor.

Plaintiff was injured when the motorcycle he was driving eastbound on Michigan Avenue in Canton Township, Wayne County, ran into a car which was parked partly in the left-hand lane and partly on the median on Michigan Avenue. The parked car was left in that position by its driver after the driver had been involved in a separate collision approximately twenty to thirty minutes before plaintiff's collision. The Canton Township police and fire departments were present at the scene of the first accident at the time plaintiff collided with the car. Plaintiff filed a claim against defendant, Michigan Department of Transportation. Defendant subsequently filed a motion for summary judgment, which was denied without prejudice. Following the taking of several discovery depositions, defendant renewed its motion for summary judgment, asserting that the lack of notice to the Department of Transportation of the dangerous condition in the road constituted a complete defense and therefore defendant was not liable under the defective highway exception to governmental immunity. MCL 691.1402; MSA 3.996(102). The trial court agreed and granted defendant's motion.

On appeal plaintiff contends that notice to the Canton Township Police Department of the dangerous condition in the roadway, i.e., the disabled car partly in the left-hand lane, constituted sufficient notice to the Department of Transportation of the defect in the road. We disagree.

MCL 691.1403; MSA 3.996(103) provides that liability will not attach to a governmental agency for injuries caused by defective highways unless the governmental agency having jurisdiction over

the highway knew or should have known of the defect and had a reasonable time to repair the defect before the injury took place. In the instant case, the Department of Transportation did not have notice of the disabled vehicle within a reasonable time to remove the vehicle before plaintiff's accident and injuries occurred. Actual notice to the investigating police agency, the Canton Township Police Department, cannot constitute constructive notice to the Michigan Department of Transportation. The police department was neither the agency which had jurisdiction over the highway nor an agency which had contracted to maintain that highway. In *Jones v City of Lansing,* 273 Mich 623, 628; 263 NW 757 (1935), the Supreme Court addressed a similar issue:

> While it is true that a city policeman discovered that the light was out just immediately prior to the accident, defendant calls attention to the case of *Corey v City of Ann Arbor,* 134 Mich 376 [96 NW 477 (1903)], in which it was held that notice to a city patrolman of icy sidewalks was not notice to the city, since this patrolman was not a highway officer upon whom rested the responsibility for their condition. However, even if this notice to the policeman in the instant case were held to be notice to the city, the city is entitled to reasonable time thereafter in which to remedy the defect. See 1 Comp Laws 1929, § 4228; *Fulton Iron & Engine Works v Twp of Kimball,* 52 Mich 146 [17 NW 733 (1883)]. It is clear that there was insufficient time in which to make the repairs.

In *Peters v Dep't of State Highways,* 400 Mich 50; 252 NW2d 799 (1977), the Supreme Court held that, in order to recover, the plaintiff must show that the state knew, or in the exercise of reasonable diligence should have known, of the defect in

the highway and had a reasonable time to repair it before the injury occurred.

We find in the instant case that the trial court was correct in concluding, as a matter of law, that the twenty to thirty minute period between the time of the first accident and plaintiff's collision with the disabled car was not a reasonable time within which the Department of Transportation could have been notified of and have removed the disabled car. Accordingly, we conclude that summary judgment in favor of the Department of Transportation was appropriate.

Affirmed.