SMITH *v.* CITY OF CHICAGO.

(*Circuit Court, N. D. Illinois.* February 24, 1889.)

MUNICIPAL CORPORATIONS—DUTY TO KEEP SIDEWALKS FREE FROM ICE AND SNOW.
If snow falls upon the sidewalks of a city so as to become an obstruction, it is the duty of the city to remove it, but a reasonable time must be allowed for the performance of this duty. If it unnecessarily permits such obstructions as ice and snow to accumulate to an extent that renders the sidewalks dangerous or unsafe, and persons, not themselves guilty of negligence, fall by reason thereof and are injured, the city is liable, but not otherwise.

At Law. Action by Annie B. Smith for damages for personal injuries.

*Miller, Leman & Case*, for plaintiff.
*Washburne & Brentano*, for defendant.

GRESHAM, J., (*charging jury*.) The plaintiff slipped and fell in front of the post-office on North Clark street, a place much frequented. It is not claimed that there was any defect in the construction of the side-walk, and you will, therefore, assume that it had no defect. The obstruction complained of was an accumulation of snow and ice. The plaintiff testified that the sidewalk in front of the door—two, three, or four feet from the door—was rough and lumpy; that snow and ice had accumulated to a depth of two to five inches. I think she said five inches. Some of the witnesses said from two to five inches, and some from two to four inches.

The first question for you is, was there an unreasonable obstruction on the sidewalk? Were the accumulations such as to make it unsafe to pass in and out of the door and along the sidewalk; and, if so, did the city know of the obstruction, or did it exist so long that the city might reasonably have known of it? If the obstruction complained of existed, and the city might have known of it, that was equivalent to knowledge. You will bear in mind, however, that the city does not undertake to guarantee persons using the streets against injury. There is no such requirement as that. People slip and fall when there is no obstruction in the streets, and when they are in reasonably good and safe condition. It is only when there is an obstruction which renders the streets unsafe and persons are injured thereby, while exercising reasonable care for their own protection, that the city is liable. It does not follow that the city is liable because snow and ice are upon the sidewalks; in this climate they will be slippery. There is more or less moisture in winter which freezes and causes the sidewalks to become more dangerous than when dry, and in proportion as the danger thus increases persons must be careful. What would be reasonable care on the part of an individual at one time would not be at another. This sidewalk was used daily by hundreds perhaps thousands of people. In addition to those who had occasion to enter the post-office and leave it, others passed along in front of it, and it is for you to say whether such an obstruction, as is claimed to have existed, could have accumulated without others knowing it and complaining of it. The plaintiff seems to be the only person who was injured. If snow falls upon the sidewalk so as to become an obstruction, it is the duty of the city to remove it, but you must not require of the city what is unreasonable. A reasonable time is allowed it to perform its duty. If it permits obstructions to accumulate to such an extent that the streets become unsafe, and persons, not themselves guilty of negligence, fall and are injured, the city is liable, not otherwise. Experience teaches us that, in spite of all care, the streets of cities in this latitude are more dangerous than those of cities further south, where the climate is milder, and there is less snow and ice. All things considered, can you say from the evidence—and you are not to regard anything but the evidence—that, in front of the post-office door, the city allowed such

an obstruction to remain as the plaintiff described? Was the sidewalk, in view of all the circumstances, in an unreasonable condition? Was there an unreasonable obstruction for that season of the year, and was the street unsafe? The burden of showing that it was is upon the plaintiff, and she must establish that fact by a preponderance of the evidence. The plaintiff testified that she was injured through the negligence of the city while exercising reasonable care, and was not at fault. If that be true, she is entitled to damages. You heard the testimony of a number of witnesses, some of whom passed in and out of the post-office door during all hours of the same day. If you believe they testified to the truth, there was no such obstruction as rendered the city liable.

First, take the plaintiff's testimony alone. Is it sufficient to satisfy you that the city did permit an obstruction to exist which for that season of the year could be regarded as dangerous and unsafe? Then, consider the plaintiff's evidence in connection with that of the defendant. This is not a case to be determined by sympathy. The sole question is, does the city fairly owe the plaintiff anything? Of course, you sympathize with her, but you cannot give her a verdict on the score of sympathy, if the evidence does not fairly entitle her to it, or if she could not demand it against an individual under the same circumstances. If you are satisfied that the city was guilty of negligence, and the plaintiff was free from fault,—that she did not contribute to her own injury,— you will find the defendant guilty and assess the damages. If the plaintiff is entitled to recover, it is only for damages which will fairly compensate her for her injury. The facts do not justify anything more. You cannot award punitive damages or smart money.

I know of nothing else to say to the jury. Do you, gentlemen? If anything is omitted you may mention it.

*Mr. Miller.* If your honor please, perhaps upon the question of the duty of the city in looking after the streets there, the court ought to instruct the jury they should take into consideration the amount of travel going on over the street; that the city is called upon to exercise a greater degree of diligence in a street of that kind than if it was a street where the travel was a great deal smaller.

*Mr. Brentano.* I do not apprehend that is the law.

*Mr. Miller.* Yes, I understand that it is.

*The Court.* While it is true, gentlemen of the jury, that the streets must be kept in a reasonably safe condition, and that an obstruction may accumulate in the suburbs, or outskirts, which would not there amount to negligence, but would, if permitted to accumulate and remain where this injury occurred, you will consider whether such an obstruction as the plaintiff described in front of the post-office, and in one of the most crowded thoroughfares of the city of Chicago, could have existed without complaint on the part of the people, hundreds of whom were using the sidewalk daily. These are considerations for your decision in weighing the evidence.