NETTIE BELLE CRANDALL, Appellee, v. CITY OF DUBUQUE, Appellant.

**Municipal corporations:** DEFECTIVE WALK: NEGLIGENCE: EVIDENCE.
1 A city is liable to a pedestrian for injuries caused by negligently permitting snow to remain upon its walks until they become rough, slippery, uneven and dangerous to travel. In the instant case the evidence is held to require submission of the question of negligence.

**Same:** CONTRIBUTORY NEGLIGENCE. A pedestrian is held to an exer-
2 cise of the reasonable care of an ordinarily prudent person in the use of a public walk, but unless the want of care is so clear that reasonable minds must agree in finding an imprudent use, the question of contributory negligence should be submitted to the jury.

**Same:** EVIDENCE AS TO CONDITION OF WALK. The photograph of a
3 sidewalk which is not shown to present the same conditions of snow and ice as existed at the time of a personal injury thereon, while competent to show the location and surroundings of the place when so limited, is incompetent as to the condition of the path.

**Same.** The evidence of a witness which asserts nothing except
4 an unwillingness to say whether the walk at the time and place of the injury was dangerous should be stricken out.

**Instruction:** ORDINARY CARE. An instruction in substance that
5 ordinary care is that care which a person of ordinary caution, prudence and judgment would be expected to exercise in any given case, is held to have been a sufficient statement of the law with respect to the use of a public walk.

**Same:** DUTY OF CITY. An instruction in substance that a city is
6 not an insurer of the safety of pedestrians in the use of its walks, but is only liable for the consequences of its own neg-

·ligence; and that its duty is to keep its walk in a reasonably safe condition at all times for public use and to exercise ordinary care to discover and repair defects, but that no liability arises until actual or constructive notice of defects, is a sufficient statement of the law on the subject.

*Appeal from Dubuque District Court.*— HON. FRED O'DONNELL, Judge.

TUESDAY, JULY 2, 1907.

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. — *Affirmed.*

*J. W. Kintzinger* and *E. E. Bowen,* for appellant.

*T. J. Fitzpatrick,* for appellee.

WEAVER, C. J.— The plaintiff while walking upon the sidewalk of the defendant city slipped and fell, breaking her leg and otherwise bruising and injuring her person. This injury she charges to the negligence of the city in failing to remove the snow and ice which had accumulated upon the walk, and were trodden into a rough, slippery, and uneven surface, rendering travel thereon dangerous to persons using such way in the exercise of reasonable care for their own safety. The defendant denies negligence on its part and avers that plaintiff was guilty of contributory negligence.

I.   The principal proposition argued and relied upon by the appellant is that there was no showing of negligence on part of the city. In support of this point, it is said that no defective or dangerous condition of the walk existed at the point in question. The testimony tends to show that quite a heavy fall of snow occurred on Sunday, December

1. MUNICIPAL CORPORATIONS: defective walk: negligence: evidence.

11, 1904. The storm began in the morning and continued until evening of that day. The street where appellee was injured was in or near the business part of town, and was evidently one on which there was much travel. No attempt was made by the city to remove the snow or clear the side-walk during Monday, or until after eleven o'clock on the forenoon of Tuesday, at which time the injury complained of took place. The natural tendency of travelers along a sidewalk laden with considerable depth of snow to pursue a comparatively narrow path appears to have been followed by the usual result. Witnesses say the trodden path was "rounding and sloping to the sides," that it was "uneven and rolling"; "was icy"; "rough"; had "many depres-sions," and "a rough ridge in the center," "soft in some places and hard in another"; and in "some places it was four inches higher than others." Plaintiff testifies that in mak-ing her way along this path her foot slipped into a depression or hole, thereby causing her to fall. That a condition such as is here described constitutes a danger or defect within the meaning of the law of this State would seem too clear for argument. See *Templin v. Boone,* 127 Iowa, 91, and cases there cited.

Nor can the court say as a matter of law that the city was not negligent in permitting this condition. The fact that a heavy body of snow had fallen, and that it was liable to impede travel, were things of which the city officers were bound to take notice. They must also be presumed to know that, if not removed, such a quantity of snow on a much used street in the business part of the city is quite sure to present in a short time conditions substantially such as are described by the witnesses in this case, and they are charged with the exercise of reasonable diligence to discover and re-move such defects. As we have seen, this snow and ice had been allowed to accumulate and to remain on the walk from Sunday evening until near noon of Tuesday. There is no showing of any effort on part of the city to inspect

and ascertain the condition of its streets after the storm, nor is there any claim that all of the available forces of the city department were engaged elsewhere in removing other defects of a more serious nature. The snow and ice had been upon the walk for such a length of time that we think it was a fair question for the jury whether reasonable diligence in the performance of the duty imposed upon the city in the care of its streets would not have brought this defect to the knowledge of the proper officers in such time that, with reasonable effort, it might have been removed and thus avoided the injury of which the appellee complains. We are not to be understood as holding that the failure of a city to remove defects of this nature from all its streets within a day or two after the appearance of such defect is necessarily negligence, but a delay which may justify the jury in finding negligence in the care of a street like the one in question in the business part of town where travel is very considerable may not necessarily be negligence in the care of residence streets, or streets but little used.

II. We are next asked to say that under the record as made the plaintiff was guilty of contributory negligence, and therefore cannot recover. The question of contributory negligence is peculiarly one of fact for the jury, and it is not within the province of the court to say as a matter of law that the plaintiff is precluded from recovery on such ground, unless the showing of want of ordinary care on her part is so clear, convincing, and undisputed that all reasonable minds must agree in finding that she was guilty of carelessness or imprudence, and that the injury complained of is in some degree attributable thereto. The record before us is not of that nature. If the walk was not so openly and visibly dangerous that no prudent person would attempt to make use of it, the mere fact that plaintiff chose to take that route is not in itself negligence as a matter of law, nor can we say that she was bound to abandon the beaten path and wade

2. SAME: contributory negligence.

through the untrodden snow along the side of such path. She was bound to use the reasonable care of an ordinarily prudent person, and whether she did her duty in this respect depends upon the nature of the defect in the walk, of the difficulties to be encountered in leaving it or walking outside of it, and upon all of the facts and circumstances bearing upon the danger to be encountered in taking the course pursued by her. This is a conclusion to be drawn from a full and fair consideration of the testimony given upon the trial, and the district court was therefore not in error in refusing to direct a verdict because of the alleged contributory negligence of the appellee.

III. Errors are assigned with respect to rulings upon testimony — for example, certain photographs of the place and walk where the accident occurred were offered by the appellant. Upon objection by the appellee

3. SAME: evidence as to condition of walk.

the court while admitting the testimony, restricted its use to showing the location and surroundings of the place, but held that it was not admissible upon the condition of the path because the photographs were not taken until the day after the injury, and there was no sufficient proof that the condition was unchanged. We find no error in this ruling. The witnesses who undertook to testify on the point did not say that no change had occurred in the condition of the walk. The most they aver in that respect is that there was "no great change," or no change except as it was worn by more travel. This qualification may mean much or little, and, in the absence of a more definite explanation, the ruling should be sustained. Some of the photographs were concededly taken after the walk had been cleaned. Moreover, an inspection of the photograph leads us to the conclusion that they disclosed nothing which could have aided the jury in its deliberations beyond the purposes for which they were admitted, and on this ground also the ruling of the trial court should be upheld.

A witness testified for the defense that he saw the walk

at the place where plaintiff fell at or about the time the accident occurred, and that he " would not want to say that

5. SAME.

it was in a dangerous condition." On motion of the appellee the quoted part of the witness' statement was stricken out. This is also relied upon for error. The ruling was correct. There is authority for the proposition that a witness may say that a sidewalk or street is in " good condition," but the testimony here stricken out is not of that character. It asserts nothing except the witness' unwillingness to say that the place was dangerous.

IV. . Numerous exceptions, mostly of a hypercritical character, are taken to the charge of the court. The jury was told in substance that ordinary care is the care which a

5. INSTRUCTION: ordinary care.

person of ordinary caution, prudence and judgment would be expected to exercise in any given case. Counsel think that " ordinary care is such care as ordinarily careful and prudent persons usually exercise or are accustomed to exercise under similar circumstances." Possibly the latter definition is couched in better chosen language, but the distinction between " person " and " persons," and between the " given case " and " similar circumstances," is not so marked or so vital that we can presume the jury was in any manner misled to the prejudice of the appellant.

Again, the appellant asked the court for an instruction that the city was not an insurer of the safety of its sidewalks, but that the extent of its duty was to use reasonable

6. SAME: duty of city.

care to make and keep them in a reasonably safe condition for public use. The request was refused. This ruling would have been erroneous had not the court already told the jury on its own motion that the city is not the insurer of the safety of people in the use of its sidewalks, and is only liable for the consequences of its own negligence. The charge further defined the city's duty to be to keep its sidewalks in reasonably safe condition at all times for public use, and to use ordinary care and

diligence to repair them when defective, and to discover and remove dangerous conditions. But that no liability would arise until the city had actual or constructive notice of such defects. In view of this charge, the refusal of the court to instruct as requested may well be upheld. Counsel insist that to hold the city to the duty of keeping its streets in reasonably safe condition imposes a higher degree of responsibility than is involved in the duty to exercise reasonable care to that end. Under the rule recognized by this and most other courts the two expressions are used interchangeably, on the theory that a street or sidewalk is reasonably safe within the meaning of the law whenever the municipality has exercised reasonable care to make and keep it safe. See *Stafford v. Oskaloosa,* 64 Iowa, 253; Id., 57 Iowa, 750; *Rusch v. Davenport,* 6 Iowa, 455; *Crystal v. Des Moines,* 65 Iowa, 503.

Other propositions argued by counsel are without merit, or they are substantially covered by the charge of the court as given to the jury. The case as presented by the record is the ordinary one of personal injury upon the streets of a city; and the alleged negligence of the appellant and contributory negligence of the appellee present no unusual features calling for a review of the authorities which counsel have with commendable industry gathered and cited in their briefs. The controversy is one of fact rather than one of law, and upon this issue there was sufficient evidence to require submission to the jury.

· The parties have had a fair trial, the verdict is not excessive, and the judgment appealed from must be, and it is, *affirmed.* ·