(129 App. Div. 535.)

KORTLANG v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. MUNICIPAL CORPORATIONS (§ 771*) — LIABILITY FOR DANGEROUS WALKS — SNOW AND ICE.

It is the duty of a city to keep its walks reasonably free from ice and snow.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig. § 771.*]

2. MUNICIPAL CORPORATIONS (§ 821*) — DANGEROUS WALKS — NEGLIGENCE — QUESTION FOR JURY.

The failure of a city to remove ice and snow from the walks after notice of its existence, or after time sufficient to justify the inference of knowledge by the city officials, presents a question of negligence for a jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1747; Dec. Dig. § 821.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 773*)—DUTY TO REMOVE SNOW FROM WALKS.

No duty rests on a city to remove snow from its walks until the snow ceases to fall.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1629; Dec. Dig. § 773.*]

4. MUNICIPAL CORPORATIONS (§ 773*)—DANGEROUS WALKS—SNOW AND ICE.

A city is not liable for an injury resulting from the icy condition of a walk from melting snow on an adjoining lot, where such condition had existed only three or four days before the accident, during which time the temperature was such as to cause both thawing and freezing each day.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1629; Dec. Dig. § 773.*]

5. MUNICIPAL CORPORATIONS (§ 819*)—LIABILITY FOR DANGEROUS WALKS—SUFFICIENCY OF EVIDENCE.

Where the evidence in an action for injuries resulting from the icy condition of a walk failed to show whether plaintiff was injured from the condition as it had existed so long as to render defendant city liable therefor, or from recently formed ice for which defendant was not liable, the evidence is insufficient to entitle plaintiff to a recovery.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1739; Dec. Dig. § 819.*]

Woodward and Miller, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action for personal injuries by Christina Kortlang against the City of Mt. Vernon. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

J. Mortimer Bell, for appellant.

Sydney A. Syme, for respondent.

HOOKER, J. The ascertainment of the principles of law which must control the disposition of cases of this character is not difficult. An affirmative duty rests upon a municipality to keep its sidewalks reasonably free from accumulations of ice and snow, and the failure to act, after actual notice, or after time sufficient to justify the inference of knowledge, presents a question of negligence for the jury's consideration. Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130; Beck v. City of Buffalo, 50 App. Div. 621, 63 N. Y. Supp. 499. If the city allow drains or leaky plumbing to discharge water across the sidewalks, which, freezing, forms ice in cold weather, it is evidence of negligence (Pymm v. City of N. Y., 111 App. Div. 330, 97 N. Y. Supp. 1108); but no duty rests upon property owners or upon the municipality itself to remove snow or ice until it has ceased falling.

The physical situation presented in this case is somewhat unusual. In the nighttime, on a street in the defendant city, on a steep grade, the plaintiff fell on slippery ice in front of a vacant lot, the level of whose ground was three feet or more above the level of the sidewalk, and so situated that water or melting snow and ice would trickle down upon and across the sidewalk toward the gutter. By the plaintiff's admission it appears that at the time of the accident there was generally some snow upon the ground. By her admission, and also by the Weather Bureau reports in evidence, it appears that for three or four

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

days prior to the accident the weather had been thawing and freezing, the thermometer ranging from about 46 above zero in the warmest part of the day, down to 20 or 21 degrees above zero at the coldest part of the day. The only witnesses called by the defendant were two physicians, who testified to the extent of the plaintiff's injuries. One of the plaintiff's witnesses of the condition testified that the ice was such as would form when water ran over the sidewalk and froze—not an accumulation of snow, but smooth, slippery ice. The testimony of none of the witnesses is inconsistent with the character of the ice being such as would naturally form from water flowing down from the vacant lot and freezing on top of the compact snow and ice already there. It was agreed by all of the witnesses that the snow and ice had not been removed from the sidewalk in front of this vacant lot at any time during the winter, and the accident took place on January 21st.

It seems to me perfectly plain that, if the vacant lot had not been there to flow its water across the sidewalk, the city would have been clearly liable had an accident happened, by reason of the fact that it had permitted the snow to accumulate without removal during the whole winter. But the vacant lot was there; it had snow upon it; the weather was such for three or four days prior to the accident that the snow must have melted, and the testimony shows that the topographical arrangement was such that the melting snow would overflow the sidewalk; and the weather was also such as to freeze flowing water under circumstances of this sort, as the temperature dropped sufficiently on each one of the three or four days immediately preceding the accident. The street was patrolled by police officers, part of whose duties was to report ice and snow upon the sidewalks. Whatever may have been the duty of the city in respect to the old snow and ice which had accumulated, I do not think it was negligence upon the part of the city to allow the newly formed ice, created under such circumstances within three or four days of the accident, to remain. For aught that appears, it may have been that the ice which caused the plaintiff to fall was formed the very day or the day before the accident. Under such circumstances, sufficient time had not elapsed to charge the defendant with negligence.

Then the question arises whether it was negligence to allow water and melting snow to flow across the sidewalk. While it is negligence for the city to allow drains and the like to discharge water over the sidewalks which may freeze, yet the situation in hand is entirely different. In the growth and development of cities like the defendant, the presence of vacant lots is absolutely essential; and in a hilly district, such as this was, it is sometimes impossible, until the lot has actually been built upon, to accomplish a satisfactory relationship between the level of the ground and the level of the street or sidewalk, unless, at considerable cost in each case, the city compels the owner to rectify the grade, or he does so voluntarily himself. To hold the city to any such strict rule of liability must be conceded unjust and a burden upon taxpayers wholly unwarranted in relation to the results to be obtained, to say nothing of the question of a possible violation of the rights of the owner of the vacant premises.

It seems clear to me therefore that, had this accident happened by the plaintiff slipping upon the old accumulation of snow and ice which had remained there all winter, the defendant would have been liable; but, if she slipped upon the ice formed by the recent freezing of the water discharged from the vacant lot, the defendant would not be liable. There is absolutely nothing in the case to indicate which of the two was the cause of the accident. The only possible way in which the jury could have reached the conclusion that the old accumulation of ice and snow caused the accident was by merest speculation, and the verdict cannot, of course, be based upon that.

The judgment ought therefore to be reversed, and a new trial granted; costs to abide the event. All concur, except WOODWARD and MILLER, JJ., who dissent.