MARTHA PETITT, Appellant, v. THE CITY OF BELLE PLAINE, IOWA, Appellee.

New trial: EVIDENCE: CONSTRUCTION. On the question of whether
1  debris on a public street, alleged to have caused plaintiff's injury,
   was at the place of the accident at and prior thereto, evidence of
   its presence in the street without reference to the time of the acci-
   dent can not be construed as referring to a time prior thereto, to
   meet the ground of an order for new trial.

Same: INSTRUCTIONS. The giving of wrong instructions as applied to
2  the evidence is ground for new trial.

*Appeal from Benton District Court.*—HON. CLARENCE NICHOLS, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION for damages for personal injury alleged to have been caused by the negligence of the defendant in failing to maintain its streets in a reasonably safe condition. There was a verdict for the plaintiff. Upon motion of the defendant, a new trial was granted. From such order the plaintiff has appealed.—*Affirmed.*

*C. W. E. Snyder*, for appellant.

*Ray H. Thompson*, for appellee.

EVANS, J.—The order of the trial court granting a new trial was as follows:

The reporter has read his report of the case to me, and I find nothing in the evidence in any way showing or tending to show that the defendant city knew or should have known that débris was scattered in the street at and near the point where plaintiff suffered her injury. Indeed, there is nothing to show that any débris was in the street at the point in controversy for any length of time before the injury, much less that defendant knew or should have known thereof. The jury was instructed that unless the defendant knew or should have known that débris was scattered at the place where plaintiff was injured, or should have known it, and failed to move it seasonably, there should be a verdict for defendant. The finding of the jury is, therefore, directly in conflict with the instruction mentioned, and, that being true, the verdict cannot stand. It may be the instruction just referred to was not a correct statement of the law, but, whether correct or otherwise, it was the duty of the jury to follow it, and, not having done so, this court has no option in the matter but must set the finding of the jury aside.

The instructions of the trial court, to which reference is above made, are 12 and 13, as follows:

(12) As you have already been told, the negligence, and the only negligence relied upon by the plaintiff herein, is the

failure of the defendant city to use ordinary care to maintain its street at the point named in plaintiff's petition, as the point where she was injured, in a reasonably safe condition for public use in that the defendant permitted to be and remain in the street pieces of board or plank with nails or spikes protruding through the same which rendered said street unsafe and dangerous to those using the same. The undisputed evidence shows that about the month of June, 1911, the defendant city removed a plank crossing extending west across the street from the southwest corner of lot 4 in block 1 in Daniel's Second Addition to Belle Plaine, Iowa, and piled the same north of and near to the cistern near the corner of said lot 4; and that on the 11th day of September, 1911, by permission of the city, the planking extending over and past the east end of said cistern was cut off and piled north of the place where said crossing was piled. There is no evidence in this case that would justify the jury in finding that plaintiff was injured by coming in contact with any part of the pile made by the said crossing or pile made by the said cistern cover. The evidence does show that the plaintiff was injured by coming in contact with a piece of board or plank through which a nail or spike projected that was separated from said piles. That being true, before the jury will be justified in finding the defendant negligent, the jury must find that the defendant, through its proper officers, knew that the pieces going to make up said pile out of said old crossing or the pieces going to make up the pile out of said cistern top so cut off had become scattered about so as to render said street dangerous and unsafe for public travel at or before the time plaintiff was injured, or pieces going to make up the pile from said crossing or the pieces going to make up the pile from the cut-off end of said cistern had been scattered around so as to render said street unsafe and dangerous for public travel and had remained for such a length of time that the city, in the exercise of ordinary care and reasonable diligence on its part, might have discovered their presence in said street and have removed the same prior to the time of the plaintiff's injury. Notice to or knowledge of the councilmen of the defendant city is notice and knowledge of the defendant city. If, therefore, you find that, at and before the time the plaintiff was injured, a member or members of the city council of the defendant had knowledge of the fact that pieces going to make up the pile arising out of the said street crossing or

pieces going to make up the pile arising out of the cut-off end
of the cistern top had been scattered about in the street so as
to render said street unsafe and dangerous for public use and
failed to exercise diligence to remove the same before the time
the plaintiff was injured, then you would be justified in find-
ing that the defendant was negligent as alleged in the petition;
but, if you do not find such knowledge on the part of one or
more of the councilmen of the defendant city, then, before
you can find the defendant guilty of negligence on the allega-
tions of plaintiff's petition and under the evidence herein, you
must find that, at and before the time when the plaintiff suf-
fered her injury, pieces going to make up the pile arising out
of said removed crossing or pieces going to make up the pile
arising out of said cut-off cistern top had become scattered
about in the public highway and permitted to remain for such
a length of time before the plaintiff was injured that the de-
fendant, in the exercise of ordinary care and diligence on its
part, should have known of the existence of such pieces and
with reasonable opportunity to remove the same.  If the plain-
tiff has so established by a preponderance of the evidence, then
the plaintiff has established negligence on the part of the de-
fendant.   The mere fact that plaintiff was going along the
highway in the defendant city, and that while so doing, even
though you find that she was in the exercise of ordinary care
on her part, she suffered an injury of which she now com-
plains, does not establish negligence on the part of the defend-
ant city, but, as you have been above instructed, the negli-
gence of the city must be in addition to the exercise of care
on her part, and the fact that she suffered the injury of which
she now complains, and must consist of proof that the de-
fendant failed to exercise ordinary care on its part after it
knew of the dangerous condition of the street or after, in the
exercise of ordinary care, it should have known of such dan-
gerous condition and had reasonable opportunity to remove the
same.   The fact, if you find it is a fact, that pieces from either
of the piles arising out of the said torn-up crossing or arising
out of the said cut-off end of the cistern top were thrown by
some third person or persons about so as to make the street
dangerous would not make the defendant guilty of negligence
unless, after such pieces were so thrown about, one or more of
the councilmen of the defendant city had knowledge thereof
or such pieces had so remained thrown about for such a length

of time that the city, in the exercise of ordinary care on its part, should have learned thereof and had reasonable opportunity to remove the same before the time of plaintiff's injury.

(13) Another of the propositions above stated to you involves for your consideration and determination this issue whether or not negligence on the part of the defendant, if any such you find was the proximate cause of the plaintiff's injuries. The burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, not only her freedom from negligence contributing to her injury, as you have already been instructed, and also negligence on the part of the defendant in the respect alleged in the petition as to which you have already been instructed, but the plaintiff must also show that such negligence on the part of the defendant, if any, was the proximate (that is, the direct and natural) cause of plaintiff's injuries. The negligence of the defendant, if any such there was, cannot be said to be the proximate cause of the plaintiff's injuries unless it appears from the evidence that but for such negligence on the part of the defendant the injury to the plaintiff would not have occurred. If the plaintiff has established her own freedom from negligence contributing to her injury, and that the defendant was negligent in the respect mentioned in these instructions, and that the plaintiff, while passing over said highway, stepped upon a nail or spike protruding through a piece of board or plank and suffered the injury of which she now complains, then you would be justified in finding that any injury the plaintiff suffered by reason of stepping upon said nail or spike was the direct and proximate result of the negligence of the defendant; but if you find that the presence of said board or plank with the protruding nail or spike was due to the act of some third person not representing the defendant city and caused by its being thrown off the pile arising out of such old plank crossing or the pile arising out of the cut-off end of the cistern top, of which the defendant did not have knowledge, and which had not been permitted to remain in the street before the plaintiff's injury for such a length of time as that the defendant should, in the exercise of care on its part, have known of the same and removed it before the time plaintiff suffered her injury, then no negligence on the part of the defendant would be the proximate cause of the plaintiff's injury but the wrongful act of some third person.

Instruction 12, above quoted, contains a fair résumé of the salient facts in the record. The appellant complains of the order granting a new trial upon two grounds.

I.   It is contended that the trial court was in error in holding that there was no evidence to show that there was débris in the street at the place of the accident for any length of time prior to the injury, and our attention is directed to the evidence of the witnesses, as set forth in the abstract. We have gone through this evidence with much care. So far as the evidence relates to the scattered débris upon the traveled part of the street, the larger part of it relates to time subsequent to the injury. There is some testimony which does not indicate whether it has reference to a time prior or to a time subsequent to the injury. In order to meet the ground of the order for a new trial, such testimony would have to be construed as referring to a time previous. We would not be justified in so construing it.

1. NEW TRIAL: evidence: construction.

II.   It is next urged that the instructions of the trial court were wrong in their application to the evidence in this case. If that be correct, it was sufficient reason in itself for granting the new trial. *Dempsey v. City of Dubuque,* 150 Iowa, 260.

2. SAME: instructions.

In view of the state of the record, we think the trial court was within its legal discretion in ordering a new trial, and its order is *Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.