GRACE WILSON, Appellee, v. CITY OF CLINTON, Appellant.

**MUNICIPAL · CORPORATIONS:** Torts—Defects or Obstructions in Streets—Snow and Ice—Unknown Recent Formation. A city may not be held liable for injury consequent on a fall on an icy sidewalk covered with snow when the ice had formed so recently prior to the accident that no one knew of its existence,—not even plaintiff, until he fell. (See Book of Anno., Vols. I, II, Sec. 5945.)

Headnote 1: 43 C. J. pp. 1022, 1027.

Headnote 1: 13 L. R. A. (N. S.) 1005; 45 L. R. A. (N. S.) 75; 13 A. L. R. 23; 13 R. C. L. 412 *et seq.*

. *Appeal from Clinton District Court.*—A. P. BARKER, Judge.

DECEMBER 13, 1927.

Action in tort, to recover damages for personal injuries sustained by plaintiff by slipping on ice on a public sidewalk in the city of Clinton, Iowa. The trial court overruled defendant's motion for a directed verdict at the close of plaintiff's testimony, and also on the conclusion of all the testimony. The jury returned a verdict in favor of plaintiff for $200, and from the judgment entered thereon the defendant city appeals.— *Reversed.*

*J. D. Carstensen* and *E. L. Miller,* for appellant.

*E. P. Delaney* and *L. F. Sutton,* for appellee.

· ·DE GRAFF, J.—This is an ''icy'' sidewalk case. The ·challenge of the city has to do with the sufficiency of the evidence to sustain the verdict, and the propositions of the appellant upon which reversible error is predicated are as follows: First, that the ice on the sidewalk upon which appellee slipped was

not of the character to constitute negligence in permitting it to be there. Second, the condition complained of had not existed for a sufficient length of time to give the city constructive notice thereof. Third, that the city may, for a reasonable time, wait for a change in temperature to remedy the condition complained of, without being guilty of negligence. Each of the foregoing points is sustainable under the record facts presently and briefly stated.

A municipality is not an insurer of the condition of its sidewalks in relation to snow and ice. Sufficient time must elapse between the formation of the defect, as alleged, and the date of the accident, to place the municipality on inquiry, and to allow a reasonable opportunity to remedy the defect. Unless this is shown by the plaintiff, the city may invoke the theory of non-liability.

In the instant case, it is undisputed that the city did not have actual notice of the condition through any of its representatives or officials, and there is no claim that anyone, city or citizen, had knowledge or notice of the condition alleged to have been the proximate cause of the injury as claimed by plaintiff. The plaintiff herself testified:

"I came along and slipped on some ice. I did not notice any difference between the spot where I slipped and any other spot that I had walked on, until my foot slipped on this glare of ice. It looked just like all the rest of the sidewalk. It had a covering of about one fourth or one sixteenth of an inch of ice."

The record presents one of those sudden transformations in weather or climatic conditions in this state of which an Iowa court might well take judicial notice. We all know that cities are officered and managed by human agencies, which are subject to finite limitations. No principle of law or justice holds a municipality liable for a failure to do the impossible, and in a case of this character, climatic conditions must be considered. As pointed out, there is no evidence tending to prove that anyone had observed that the walk in question was in a dangerous condition prior to the time plaintiff fell thereon. It is said in *Broburg v. City of Des Moines*, 63 Iowa 523, 525:

"Under such circumstances, it cannot be assumed that the city or its officials had knowledge of what did not exist, or,

which is the same thing, which the evidence fails to show existed.''

We have, in the instant case, a film of ice suddenly formed by reason of a slight change in temperature. It would have been practically a physical impossibility for the city to remove the ice in the time intervening between its formation and the injury to plaintiff.

It is undisputed that there was no ice on the sidewalk in question on the morning of the accident, or the day before. It is only when the ice or snow is suffered to remain upon the sidewalk until, by tramping of pedestrians, freezing or thawing, or other cause, the surface thereof has become rough, ridged, round, uneven, or irregular, so that a person in the exercise of ordinary care cannot pass over it without danger of falling, that the defect is such as to render the municipality liable. *Dempsey, v. City of Dubuque,* 150 Iowa 260.

The instant record shows that no appreciable interval of time existed between formation of the film of ice and the injury. Plaintiff's own testimony discloses that on the day of the accident there was a slight fall of snow. It began to fall about 1 o'clock P. M. on January 26, 1926, the day of the accident, and quit about 4 o'clock on said day. Plaintiff's accident occurred about 15 minutes after the snow ceased to fall. The maximum temperature on that day was 34 degrees above zero, and the minimum was about 19 degrees above zero. At no time on the 25th, 24th, 23d, 22d, or the 21st of January was the temperature above freezing.

There is but one conclusion, to wit: that the snow melted during the early afternoon of January 26th, and that the thin film of ice formed shortly thereafter. Under such circumstances, it cannot be assumed that the city or its officials had knowledge of a thing which the evidence ''failed to show existed.'' See *Smith v. City of Sioux City,* 200 Iowa 1100; *Eickelberg v. City of Waterloo,* 197 Iowa 1219; *Ray v. City of Council Bluffs,* 193 Iowa 620; *Kortlang v. City of Mt. Vernon,* 129 App. Div. 535 (114 N. Y. Supp. 252); *Vonkey v. City of St. Louis,* 219 Mo. 37; *Harrington v. City of Buffalo,* 121 N. Y. 147 (24 N. E. 186); *Armstrong v. City of Monett* (Mo.), 228 S. W. 771.

The general rule in all jurisdictions is that a municipality must have a reasonable time to perform a legal duty of this

character. *Smith v. City of Chicago,* 38 Fed. 388; *Landolt v. City of Norwich,* 37 Conn. 615; *Blakeley v. City of Troy,* 18 Hun (N. Y.) 167; *Stanton v. City of Springfield,* 94 Mass. 566; *Bull v. City of Spokane,* 46 Wash. 237; *Village of Leipsic v. Gerdeman,* 68 Ohio St. 1; *Hyer v. City of Janesville,* 101 Wis. 371; *Corey v. City of Ann Arbor,* 124 Mich. 134.

It affirmatively appears from the record that there is insufficient evidence to sustain the verdict in favor of the plaintiff. Defendant's motion for a directed verdict should have been sustained. The judgment entered is—*Reversed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.