W. D. TEMPLIN, Appellee, y. THE INCORPORATED CITY OF BOONE, IOWA, Appellant.

**Sidewalks:** NEGLIGENCE: EVIDENCE. Where a city negligently permits snow and ice to remain upon the sidewalk which becomes rough and uneven by travel, it cannot avoid liability for an injury resulting therefrom by showing that it was rendered slippery by rain and sleet. Evidence considered and held sufficient to take the case to the jury on the question of defendant's failure to clean the walk.

**Contributory negligence:** EVIDENCE. So long as a sidewalk remains open to travel there is an implied invitation to use it, and one is not guilty of contributory negligence in going upon the walk unless he knows or by the exercise of ordinary care should have known its unsafe condition. Evidence considered and held sufficient to take the case to the jury on the question of plaintiff's contributory negligence.

**Instructions.** Excerpts taken from the court's instructions when standing alone may be subject to criticism, but they should be construed in connection with the entire paragraph of the charge and with the instructions as a whole in determining whether the jury was misled thereby.

*Appeal from Boone District Court.*— HON. J. H. RICHARD, Judge.

FRIDAY, MARCH 10, 1905.

ACTION at law to recover damages for injuries received by plaintiff, due to a fall upon one of the walks of the defendant city. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed*.

*D. G. Baker,* for appellant.

*Dyer & Hull,* for appellee.

DEEMER, J.— Plaintiff, who lost a limb during the Civil War, and who has since that worn an artificial one, slipped and fell upon a sidewalk in one of the streets of defendant city, and received the injuries of which he complains. He charges that about ten days prior to the time of the accident, which was on the morning of January 4, 1903, the city permitted an accumulation of snow and ice upon the sidewalk, which it negligently allowed to become and remain in a rough, rounded, irregular, and unsafe condition, dangerous to persons using said walk, and hazardous to all passersby. Defendant denied all negligence, and claimed, in effect, that the defect, if there was one, was due to a fall of rain and sleet on the evening preceding the accident, over which it had no control; and further insisted that plaintiff was guilty of contributory negligence in his attempt to pass over the walk. In answers to special interrogatories, the jury found that there had been an accumulation of ice and snow at the place of accident for an unreasonable length of time; that defendant had notice of the dangerous condition of the sidewalk prior to the time plaintiff received his injuries; and that he (plaintiff) was not guilty of contributory negligence.

For a reversal of the judgment defendant relies upon three propositions: (1) That there is no evidence of its negligence; (2) that plaintiff did not show freedom from

contributory negligence; and (3) alleged errors in the instructions of the trial court.

I.   As to the first proposition, defendant contends that the unsafe condition of the walk was due to a thaw on the afternoon and evening of January 3d, the falling of rain and sleet on the evening of that day, and freezing weather during the night, for none of which things it was responsible; while plaintiff insists that the primary cause of the accident was the rough, irregular, and rounded condition of the walk, due to defendant's failure to remove the snow and ice therefrom, which condition had existed for many days prior to the accident.

1. NEGLIGENCE: evidence.

The rules of law in such cases are well understood. The mere fact that a sidewalk is dangerous because of the presence of ice and snow is not sufficient to establish negligence on the part of a city, even though this snow and ice are not removed within a reasonable time.   But where, by reason of travel or the action of the elements, it becomes rounded or worn into ridges, uneven and irregular, due care on the part of the city may demand its removal.   *Huston v. City,* 101 Iowa, 33, and cases cited.   And if the city be negligent in allowing ice and snow upon its sidewalks to become and remain in a dangerous and unsafe condition, it cannot avoid liability for injuries received thereon, by showing that the iciness or slippery condition of the walk was caused by natural causes, as by rain or sleet or sudden changes of the weather.   If the accident would not have happened but for the previous rough, uneven, and rounded condition of the walk, due to the presence of ice and snow thereon, then the city may be liable, although there is another irresponsible condition concurring with defendant's fault in producing the injury.   *Salzer v. City,* 97 Wis., 471 (73 N. W. Rep. 20); *Langhammer v. City,* 99 Iowa, 295; *Collins v. City,* 32 Iowa, 324; *Shumway v. City,* 108 Iowa, 424; *Ford v. City,* 106 Iowa, 94.

Now, the evidence shows that the walk in question was

some inches lower than the lot on the one side and the park-
ing upon the other; that large trees had been left close to
the walk, with good-sized, cone-shaped pieces of earth
around the trunks; that snow had fallen upon the sidewalk
many days prior to the accident, which had not been re-
moved; that people traveling over the walk had made a
beaten path through the snow; that it had thawed and frozen
until the walk was in a rough and uneven condition, the
center thereof, whereon the path was made, being rounded,
and sloping toward either edge of the walk; that the water
from melting snow ran down onto the walk and there froze,
making the same slippery and unsafe. The day before the
accident was warm, and the snow and ice had largely melted
and disappeared, but at or near one of the tree trunks of
which we have spoken there were still pieces of ice and
snow which had not melted. During the night of January
3, 1903, there was a sleet or snow, and a drop in the tem-
perature, so that on the next morning the walk was uneven,
slippery, and dangerous. Such a state of facts was clearly
sufficient to take the case to the jury on the issue of defend-
ant's negligence.

II. As to plaintiff's alleged contributory negligence:
This is generally a question for a jury, and we reluctantly
interfere with its finding. If plaintiff knew of the danger-
ous and unsafe condition of the walk, and that
**2. CONTRIBUTORY
NEGLIGENCE:** it was imprudent for him to attempt to pass
**evidence.** over the same, he, of course, should not be per-
mitted to recover. But mere knowledge of the unsafe con-
dition of an unbarricaded defective walk is not in itself suffi-
cient to establish contributory negligence on the part of one
rightfully using the same for the purposes of travel. So
long as walks remain open to the public, there is an implied
invitation to all travelers to take and use the same; and one
is not in the wrong who accepts the invitation, in the absence
of knowledge of the dangers incident to the proper use thereof.
Indeed, one may go upon a dangerous and unsafe walk, and

is not necessarily negligent in so doing, unless he knows, or should in the exercise of ordinary care for his own safety have known, that it was imprudent for him to attempt to pass over the same. Plaintiff in this case testified that he had passed over the walk the night before his mishap in safety, the snow then being soft, and that he took it again on the morning of the 4th of January because it seemed safe for him to do so; and that the icy condition was concealed by the snow which had fallen during the night. There was enough testimony to take the case to the jury on the question of plaintiff's contributory negligence, and with its finding we are not disposed to interfere.

III. Various sentences are picked out from the instructions given by the trial court, which are said to be erroneous. Standing alone they are subject to criticism, but taken in connection with the entire paragraphs of the charge, and with the instructions as a whole, there was no error. For instance, it is contended that the court in effect charged the jury that if the walk was rough, irregular, and rounded, then it was dangerous as a matter of law. True, the court did say that before the plaintiff could recover he must show that the walk was in the condition claimed by him; that is to say, that it was then and there in a rough, irregular, and rounded condition. This was absolutely true. But the extent to which this should exist in order to constitute negligence was not there stated. This was covered in the next instruction, which said, in substance, that it must be so as to be difficult and dangerous for persons traveling on foot to pass over the same while exercising ordinary care. This instruction specifically refers to the matters stated in the one of which the defendant complains, and there was no error. That instructions should be taken together is too well settled to require the citation of authorities.

3. INSTRUCTIONS.

In another instruction, in referring to constructive notice, the court said, " It is based upon a finding by the jury."

This is, of course, an inaccurate expression, for it cannot be based upon a jury's finding. Whether or not it is present is a question for a jury, and it is to be based, of course, upon the evidence. But this excerpt from the seventh instruction could not have misled the jury. It was distinctly told to consider all the facts and circumstances shown in the case, in order to determine whether or not the city had constructive notice, and it was properly instructed as to what would constitute such notice. The sentence quoted, taken in connection with what preceded and with what followed, meant no more than that it was for the jury to determine whether or not there was constructive notice to the city of the alleged defect in the walk. No one could read the instruction and come to any other conclusion.

IV. The case is not strong in its facts, but there were enough to take it to the jury. The instructions were not prejudicially erroneous, and no error appears which would justify us in reversing the case. The verdict was small, considering the nature of plaintiff's injuries, and we shall not interfere therewith.— *Affirmed.*