J. N. REYNOLDS v. THE CITY OF CENTERVILLE, Appellant.

**Municipal corporations:** DEFECTIVE STREETS: CONTRIBUTORY NEGLIGENCE: EVIDENCE.   Mere knowledge of the defective condition of a public street will not as a matter of law render a party guilty

of negligence in using the same, but it must further appear that he knew, or as an ordinarily cautious person ought to have known, that it was imprudent and dangerous to attempt its use.

In this action plaintiff was driving along one side of a street, in the center of which was a ditch over which he was required to cross, and the evidence is held to show that he knew of the danger in crossing and he is therefore precluded from recovering because of his negligence in so doing.

*Appeal from Appanoose District Court.*—HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 15, 1911.

ACTION for damages resulted in a verdict and judgment for plaintiff, from which defendant appeals. *Reversed.*

*Harry S. Greenleaf,* City Attorney, and *Claude R. Porter,* for appellant.

*Valentine & Fee,* for appellee.

LADD, J.—In the afternoon of October 18, 1907, the plaintiff was driving his team, consisting of a blind horse, weighing about one thousand one hundred pounds, and another of about eight hundred pounds, hitched to a wagon loaded with props about four feet long to be used in a mine. There was a long hill as he passed the cemetery in going out on East Main street, steep at places. About one hundred and fifty yards from the bottom there had been a layer of rock cropping out, but this had been taken away, and a space about fourteen to sixteen feet wide left. Immediately below and above this the road was sufficiently wide for teams to pass, though this was somewhat difficult at that point. Water coming from a ledge of rock had washed a ditch to the east from near this narrow space, and this extended to the bottom of the hill,

and then turned south through the bank of the creek just before reaching a bridge. As plaintiff drove down this hill he met a team near the narrow way, and turned to the north side, and, according to his statement, drove astride the ditch to the point where it turned south, where he undertook to drive across it to the main track. Counsel have argued the case on the theory that he drove on the north side of the ditch, but the discrepancy can make no difference in the result. Where he undertook to cross the ditch was from a foot to sixteen inches deep, and, as the front wheel went in, he kicked the brake loose and fell from the wagon. He was sitting on the props loaded lengthwise with the wagon, with his feet to the front, and undoubtedly the jolt to one side as the wheel entered the ditch threw him off. He was familiar with the road, having passed frequently that way for over thirty years, and had often taken the same track followed on this occasion. As late as the day previous he had hauled a load of iron rails along the north side of the ditch as a matter of choice and across it at the far side, and knew that it grew deeper as it approached the bottom. It could be plainly seen all the way down the hill from the top and several witnesses testified to their custom of driving to one side immediately above or below the narrow space and waiting for an approaching team to pass. But teams had gone the way defendant did, and the track across the ditch appears to have been smooth. The defendant contends that in view of the facts as recited plaintiff was guilty of contributory negligence, and for that reason a verdict should have been directed for defendant.

It will be observed that he might have turned back to the south track shortly after he passed the rock ledge, though, as he testified, this would have cramped his wagon, as he must have passed over the ditch, which was shallow at that point diagonally, or he might have waited either above or below the ledge for the team to pass and then

have gone down the south side. This was a public street of the city, open for travel on both sides of the ditch, and, even though plaintiff may have known that it was necessary to drive across the ditch at the bottom of the hill if he took the north side, this alone was not sufficient to charge him with negligence. In addition to this, it must appear that he knew, or, as an ordinarily cautious man, ought to have known, that it was imprudent to undertake to pass over the ditch as he did. *Cook v. Town of Hedrick,* 135 Iowa, 23, and cases cited; *Sylvester v. Town of Casey,* 110 Iowa, 256; *Templin v. Town of Boone,* 127 Iowa, 91. Of course, if plaintiff appreciated the danger and knew or ought to have known that it was imprudent for him to take the north track and undertake to cross the ditch at the bottom of the hill, then he must have taken another course; that is, either have waited for the team to pass, and then have driven down the south track or else have turned back, crossing the ditch at the upper end where more shallow. *Parkhill v. Town of Brighton,* 61 Iowa, 103; *McGinty v. City of Keokuk,* 66 Iowa, 725; *Hartman v. City of Muscatine,* 70 Iowa, 511; *Cosner v. City of Centerville,* 90 Iowa, 33. As plaintiff had been a teamster for thirty-five years and was familiar with "every foot of the ground," he must have been aware of the precise danger he brooked in attempting to drive through the ditch. He must have been aware that in veering to cross the ditch one wheel of his wagon would likely drop in first and one side down so as to jolt him toward that side of the load. He knew this as well as the city could have understood.

In answer to an inquiry as to "whether or not you consider it dangerous if you were not careful," he testified that it was dangerous if a man did not use his best judgment in going over such a place. This plainly indicated that he fully appreciated the situation, and if the city was negligent in permitting such a condition the plaintiff was

equally so in undertaking to drive that way when fully appreciating the danger though another way was open to his use with but slight, if any, inconvenience.

The motion to direct a verdict for defendant should have been sustained.

*Reversed.*