FRANCES TRAVERS, Appellee, v. CITY OF EMMETSBURG, Appellant.

APPEAL AND ERROR:  Belated Objection to Petition.  It is too late
1  to object on appeal for the first time to the sufficiency of a petition.

MUNICIPAL CORPORATIONS:  Conflicting Evidence in re Condition
2  of Street.  A jury finding on conflicting evidence on the issue as to the condition of a street at the time of an accident, is conclusive on appeal.

NEGLIGENCE:  Known Defective Sidewalk.  Mere knowledge that a
3  sidewalk is defective at one time does not render a party who passes over it 10 days later guilty of contributory negligence *per se.*

EVIDENCE:  Ordinance in re Removal of Obstructions.  On the issue
4  whether a sidewalk was dangerous because of the accumulation of snow and ice, it is not prejudicial error to receive in evidence an ordinance which prescribes the duties of the street commissioner, in case property owners fail to remove such accumulations on the walk.

*Appeal from Palo Alto District Court.*—N. J. LEE, Judge.

JANUARY 11, 1921.

ACTION at law to recover damages for personal injury.  The petition alleges that the defendant city negligently permitted one of its sidewalks to become obstructed by accumulations of snow and ice, and that plaintiff, while using said walk, and in the exercise of due care for her own safety, slipped and fell thereon, receiving severe and painful injuries.  The defendant denies the averments of the petition, and alleges that the plaintiff's injury, if any, was the result of her own failure to exercise due care for her safety.  Verdict and judgment for plaintiff, and the defendant appeals.—*Affirmed.*

*John Menzies,* for appellant.

*William J. Fisher,* for appellee.

WEAVER, J.—I. The sufficiency of the petition was not challenged by motion or demurrer in the trial court, and we shall take no time in discussing objections thereto raised for the first time in this court. It is enough to say that the pleading fairly states a cause of action, under the rule recognized in *Templin v. Incorporated City of Boone,* 127 Iowa 91; *Crandall v. City of Dubuque,* 136 Iowa 663; and many other precedents of like effect.

1. APPEAL AND ERROR: belated objection to petition.

II: Of other assignments of error, the one most seriously urged upon our attention is directed against the sufficiency of the evidence to support a verdict in plaintiff's favor. Concerning the condition of the sidewalk and the circumstances of the alleged accident, the testimony is in sharp conflict. On the part of the city, there is evidence by several witnesses that the walk, at the time and place in question, was regularly and frequently cleaned of snow and ice, and that, if plaintiff fell there on the date named by her, it must have been from some cause other than the one alleged in her petition. On the other hand, however, there is an equal, if not greater, number of other witnesses testifying that the walk then was, and for days had been, obstructed to a material degree by snow and ice, which, by process of alternate freezing and thawing and by being tramped over, had acquired a hard, uneven, and slippery surface, making its use by pedestrians unsafe. This state of the record makes the fact as to the actual condition of the walk a jury question, and the verdict thereon cannot be set aside as being without support. It may also be said at this point that the evidence is sufficient to support a finding by the jury that the alleged unsafe condition of the walk had existed for such length of time that the city, by its proper officers, ought to have discovered and remedied it.

2. MUNICIPAL CORPORATIONS: conflicting evidence *in re* condition of street.

III. It is urged on the part of appellant that, regardless of the alleged negligence of the city, plaintiff cannot recover damages, because of her own contributory negligence. This con-

tention is grounded, in part at least, on her statement as a wit-
ness on the stand that, before the day of her in-

**3. NEGLIGENCE:**
**known defective**
**sidewalk.**

jury, she had passed over this walk, and it was
then icy and slippery. From this admission it
is argued that, in attempting to use an unsafe walk, with knowl-
edge of its condition, she made herself properly chargeable with
contributory negligence. It appears, however, from plaintiff's
story that the time of her last previous observation of the con-
dition of the walk was about 10 days before her injury, and cer-
tainly it cannot be said that, because of her knowledge of the
existence of ice on the walk 10 days before, she was bound, as a
matter of law, to know or assume its continued existence. *De
Wall v. City of Sioux City*, 181 Iowa 333. Moreover, even if
she had known of the condition of the walk, it would not have
been contributory negligence, as a matter of law, for her to take
that route, unless she knew and appreciated the fact that it was
imprudent for her to do so. She may have known that the way
was icy and slippery; yet, if she reasonably believed that, by
using care, she could make the passage in safety, she was not
negligent.

Again, it is an established rule in this state that, when a
city permits a defective street or walk to remain open and un-
barricaded, mere knowledge of its general unsafe condition is
not, in itself, sufficient to establish contributory negligence on
the part of one who has the right to use such street or walk.
*Scurlock v. City of Boone*, 142 Iowa 684; *Kendall v. City of
Albia*, 73 Iowa 241, 248; *Nichols v. Incorporated Town of Lau-
rens*, 96 Iowa 388; *Gregg v. Town of Springville*, 188 Iowa 239;
*Rice v. City of Des Moines*, 40 Iowa 638; *Jackson v. City of
Grinnell*, 144 Iowa 232, 235. Plaintiff testifies that, when she
found the way icy, she walked slowly and carefully, to avoid
slipping; and in this she is not disputed. The verdict of the
jury implies a finding of the truth of her version of the accident.
The finding has ample support in the record.

IV. Error is assigned upon a ruling of the trial court ad-
mitting in evidence an ordinance of the defendant city, which
provides, in substance, that, where accumulations of snow and
ice are permitted to remain upon a sidewalk for a period of 10
hours, without being removed by the property·owner, it is made

the duty of the street commissioner to remove the same, and the

**4. EVIDENCE: ordinance in re removal of obstructions.** expense so incurred is taxed to the owner of the adjacent lot. It is perhaps questionable whether this ordinance had any particular relevance to the issue being tried, but we think it clear that receiving it in evidence could not have worked any prejudice to the appellant. A quite parallel case has been decided by the New York court. *Pomfrey v. Village of Saratoga Springs,* 104 N. Y. 459 (11 N. E. 43). There the town was sued for damages for injury sustained by a woman from a fall on an icy walk. On the trial, plaintiff offered in evidence an ordinance of the town, imposing penalties upon lot owners for failing to keep the abutting walks free from snow and ice. It was there ruled that the admission of this evidence was not reversible error. The court says:

"In this we perceive no error harmful to the defendant. It was not held liable for failure to make proper ordinances, or to enforce the ordinance proved. So far as it had any effect whatever, it would seem to have been beneficial to the defendant, as it showed that it had so far discharged its duty by passing proper ordinances for keeping the sidewalks free and clear of ice and snow."

See, also, to same effect, *City of Indianapolis v. Gaston,* 58 Ind. 224, 227.

V. Some other points have been presented and argued; but, in so far as they are pertinent to the case, they are governed by the conclusions hereinbefore announced, and we will not extend the opinion for their discussion. There is no reversible error shown, and the judgment below is—*Affirmed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.