SOPHIE TILLOTSON, Appellee, v. CITY OF DAVENPORT, Appellant.

No. 45925.

JUNE 16, 1942.

Edward A. Doerr, of Davenport, for appellant.

Waldo M. Wissler, of Davenport, for appellee.

STIGER, J.— I. Appellant's first assignment is that the court erred in overruling its motion for a directed verdict on the ground appellee was contributorily negligent as a matter of law. Our conclusion is the court was right in overruling the motion.

Appellee was the only witness for appellant. Appellee's evidence is substantially as follows:

The walk in front of appellee's home was clear, but south

of her home it was covered with ice and snow. Appellee slipped and fell on this walk on the evening of January 21, 1941, and received the injuries for which she seeks damages. On January 17, 1941, 3 inches of snow fell. On January 21st, the day of the accident, it had not been removed from said part of the sidewalk and was "tramped down, rough, irregular and uneven."

In the afternoon of January 21st, appellee safely used the walk in going downtown and in returning to her home, at which time the temperature was 41 degrees. She knew the walk was somewhat slippery. She testified:

"In the afternoon I was going down town. I came down town and went back walking over this walk both times. At that time the snow and ice on this part of the walk was soft enough that my heel would sink down in it and in that way give me a footing."

About 9 o'clock in the evening she left her home "for a little fresh air and to exercise her dog." The dog was not on a leash. At this time the temperature was 37 degrees. When she came to the place on the walk where there was snow and ice and walked about 2 or 3 feet thereon she noticed she was slipping. She thought that she would try and reach a telephone pole about 5 feet away and next to the curb. "I was walking kind of stiff-footed, like a person ordinarily does when he is on something slippery, kind of short steps and stiff-legged." She started toward the pole but before leaving the sidewalk she fell.

Apparently, the walk was substantially as safe to travel over in the evening as it was in the afternoon, there being a negligible difference in temperature.

Appellee knew the City had spread ashes adjacent to the curb two days prior to the accident, and there was another sidewalk free of snow that appellee could have used in taking her walk. She did not take this route because her neighbors objected to her dog. On cross-examination, she testified:

"Q. * * * you chose a route * * * which you knew to be dangerous, in lieu of the route which you knew to be safe and which would have served your purposes just as well?

A. I wouldn't say the walk was dangerous or absolutely dangerous.''

It is well settled that mere knowledge that a walk is dangerous, unsafe for travel, is not sufficient to establish contributory negligence though there is another way that is safe and convenient, and to defeat recovery it must appear that the traveler knew, or as an ordinarily cautious person should have known, that it was imprudent to use the walk. Templin v. City of Boone, 127 Iowa 91, 102 N. W. 789; Reynolds v. City of Centerville, 151 Iowa 19, 129 N. W. 949; Gibson v. City of Denison, 153 Iowa 320, 133 N. W. 712, 38 L. R. A., N. S., 644; Travers v. City of Emmetsburg, 190 Iowa 717, 180 N. W. 753; Lundy v. City of Ames, 202 Iowa 100, 209 N. W. 427; Franks v. Sioux City, 229 Iowa 1097, 296 N. W. 224.

Though appellee knew the walk was defective, unless it was imprudent for her to use the sidewalk at the time in question she was not bound to take the safer way. We are of the opinion the danger was not so serious, and appellee was not so indiscreet, so wanting in care and discretion, that it should be held that she was contributorily negligent as a matter of law. She had previously safely used this walk and it was in a condition at that time similar to its condition on the night of the accident. She thought that she could safely use the walk. She ''had no idea of falling.'' In her attempt to avoid injury she was walking ''like a person ordinarily does when he is on something slippery, kind of short steps and stiff-legged.'' It cannot be said that appellee did not exercise care to avoid injury. The question of contributory negligence was properly submitted to the jury.

In Travers v. City of Emmetsburg, 190 Iowa 717, 719, 180 N. W. 753, 754, the court said:

''She may have known that the way was icy and slippery; yet, if she reasonably believed that, by using care, she could make the passage in safety, she was not negligent.

''Again, it is an established rule in this state that, when a city permits a defective street or walk to remain open and unbarricaded, mere knowledge of its general unsafe condition is not, in itself, sufficient to establish contributory negligence on the

part of one who has the right to use such street or walk. * * * Plaintiff testifies that, when she found the way icy, she walked slowly and carefully, to avoid slipping; and in this she is not disputed.''

In the case of Burke v. Town of Lawton, 207 Iowa 585, 590, 223 N. W. 397, 399, we stated:

''He was properly upon the sidewalk at the place in question, in the course of his way home from his place of employment. It was early in the evening. He knew that the sidewalk was slippery. He thought he could pass safely. He attempted to avoid what he regarded as the more slippery place upon the walk. He walked slowly, and with short, quick steps, in passing over the slippery surface. * * * Under the facts and circumstances, it was for the jury to determine whether or not the appellee was exercising the care and caution that an ordinarily prudent man would exercise, under the circumstances. The case is clearly distinguishable in its facts from the Lundy case [202 Iowa 100, 209 N. W. 427].''

Appellant cites several cases which, because of dissimilar facts, do not control the decision in this case. Among the cited cases are Lundy v. City of Ames, supra, and Cratty v. City of Oskaloosa, infra. In each case the court stresses the fact that the plaintiff did not exercise any care to avoid his injury.

In Cratty v. City of Oskaloosa, 191 Iowa 282, 286, 182 N. W. 208, 209, the court said:

''Plaintiff frankly admitted that he was not thinking of the walk; that he observed no care; and that he did nothing to avoid the danger that was in his path, although he knew of and appreciated the dangerous character of the walk.''

In Wells v. City of Oskaloosa, 212 Iowa 1095, 235 N. W. 322, cited by appellant, there was a substantial obstruction on the walk (not snow or ice) and plaintiff imprudently and unnecessarily tried to pass over it.

II. Appellant complains of the admission of certain evidence and alleges error in the instructions. Over objections

of appellant, the court admitted in evidence Ordinance No. 44 which required occupants of buildings or the owners of unoccupied lots to keep the sidewalks clear of ice and snow, and it was the duty of the board of public works to clear the walks at the expense of the owner or occupant if the snow and ice were allowed to remain for a period of 10 hours. Appellant objected to the admission of the ordinance in evidence because it was immaterial, and for the further reason that appellant's liability, if any, was based on the statutes of this state and not on the ordinance. The objection should have been sustained.

Instruction No. 17 set out the material portions of the ordinance, and then stated:

"The fact that the property owner is also required to remove snow and ice from his sidewalk does not excuse the city from removing the same should the property owner allow it to remain thereon after the elapse of ten hours from the time the snow and ice was deposited upon the sidewalk. Nor does the fact that the city may do the work required of the property owner and assess the cost thereof to his property change the liability of the city in respect thereto."

The material portions of instruction No. 18 read:

"If you find that any officer, agent or employee of the city actually knew of the snow and ice upon the sidewalk in question then the city is charged with having actual knowledge of same. However, it is not necessary that the city have actual knowledge of the snow and ice on the sidewalk,—it is sufficient that it have constructive knowledge. By constructive knowledge we mean that if the snow and ice remained upon the sidewalk an unreasonable length of time, *or more than the time allowed by law for the removal of same,* then the city is charged with having knowledge of the fact that said snow and ice are upon said sidewalk." (Italics supplied.)

The instructions are erroneous and prejudicial to appellant. Section 5945, Code 1939, reads:

"5945 Duty to supervise. They shall have the care, su-

pervision, and control of all public highways, streets, avenues, alleys, public squares, and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances.''

This statute imposes the duty on a municipality to exercise reasonable care to keep its sidewalks reasonably safe for travel. See Parmenter v. City of Marion, 113 Iowa 297, 85 N. W. 90.

A municipality has a reasonable time to perform this duty and is not liable for injuries sustained unless it had knowledge of, or, in the exercise of ordinary diligence and care, should have known of the defect in time to have remedied the same before the accident. Finnane v. City of Perry, 164 Iowa 171, 145 N. W. 494; Allen v. City of Fort Dodge, 183 Iowa 818, 167 N. W. 577; Evans v. City of Council Bluffs, 187 Iowa 369, 174 N. W. 238.

In Parks v. City of Des Moines, 195 Iowa 972, 977, 191 N. W. 728, 730, the court, in considering constructive notice of defects, said:

''Much depends upon the character of the defect, and upon the circumstances and surroundings. * * * Each case must depend upon the facts and circumstances attending it. Generally it is a question for the jury. There is no fixed or definite rule as to what length of time a defect or obstruction must have existed, to furnish notice.''

The above rules for determining the liability of appellant were not submitted to the jury. The jury may have understood that the words ''or more than the time allowed by law for the removal of the same,'' found in instruction No. 18, referred to the ordinance set out in instruction No. 17, and that it was the duty of the City to remove the ice and snow after the lapse of 10 hours, and that appellee's cause of action was based upon a violation of the ordinance. As stated by counsel for appellant:

''The evident error is not error without prejudice. The record shows that the snowfall in question had been permitted to remain on the walk for a period of four days. The jury might or might not have found that failure to remove snow in a resi-

dential district within such a period, no express notice of its existence having been given, was a failure to exercise due diligence. Due diligence, itself an indefinite standard, has a relationship in such a case as this to the other indefinite standard of reasonable time. The jury, however, was instructed in terms of a very precise period of time."

The ordinance was apparently enacted under the provisions of section 5950, Code 1939, which reads:

"5950 Snow and ice. They shall have power to remove snow, ice, or accumulations from abutting property from the sidewalk, without notice to the property owner, if the same has remained upon the walk for the period of ten hours, and assess the expenses thereof on the property from the front of which such snow, ice, or accumulations shall be removed; but the expense shall not exceed one and one-half cents per front foot of any lot, and the same shall be certified and collected as other special taxes."

Neither the statute nor ordinance purports to fix a definite standard of diligence and care that must be exercised by a municipality in the performance of its duty to keep sidewalks clear of ice and snow.

In Allen v. City of Ft. Dodge, supra, at page 827 of 183 Iowa, page 580 of 167 N. W., this court said with reference to section 781, Code 1897 (section 5950, Code 1939):

"It will be noted that this section does not attempt to regulate the duty which the city owes to the traveling public. It only regulates the expense of such removal between the city and the property owner, and we think the court would not have been justified in calling the attention of the jury to this, and that to do so would have injected confusion into the record."

Because of the errors above reviewed, the case must be and it is reversed.—Reversed.

All JUSTICES concur.