## BAKER v. DECKER et al.

No. 7239.   Decided December 23, 1949.   (212 P. 2d 679.)

See 45 C. J., Negligence, sec. 516. Contributory negligence, burden on defendant, 147 A. L. R. 726. See, also, 38 Am. Jur. 977.

*Ray, Quinney & Nebeker,* Salt Lake City, *Grant C. Aadnesen,* Salt Lake City, for appellant.

*Gustin & Richards,* Salt Lake City, *Brent T. Lynch, Jr.,* Salt Lake City, for respondent.

LATIMER, Justice.

Plaintiff, an elderly lady of 71 years, commenced this action against the defendants in the court below to recover damages alleged to have resulted from a fall caused when she was walking along the second story hallway of the Roosevelt Apartments in Salt Lake City, Utah. The trial court dismissed the action against the defendant, Stanley D. Decker, and we are not concerned with that dismissal. Accordingly, in this opinion we shall treat the cause as being brought against L. Jansen as the sole defendant and we shall designate the parties as they appeared in the court below.

Plaintiff was a tenant residing in the apartments and on the morning of her injury was leaving for her employment with the Community Chest of Salt Lake City, Utah. The apartment house is a three story building with its long axis running north and south, its principal entrance being on the south Facing Third South Street in Salt Lake City. Each of the three floors has a hallway running the full length of the building. There are three stairways which can be and are used by the tenants of the apartment house; one was in the front, one in the back and one on the east side which led to an alley that connects with Third South Street. All three stairways connect the three floors with each other so that a tenant can get to the main entrance and out onto the street without being required to go from one floor to another by any particular stairway.

The plaintiff lived in an apartment near the south end of the building on the east side of the second floor. She left her apartment on the morning in question, intending to go down the front stairway. As she proceeded north in the hallway she noticed that certain work was being done in the corridor and that certain equipment belonging to the defendant was on the floor of the hall. There were no barricades to warn her that it was unsafe to proceed along the passageway and so she elected to continue along her usual course.

The defendant was engaged in the business of painting, papering and housecleaning. He had entered into a contract to paint the woodwork and paper the ceilings and walls of the stairway in the apartment house, and on the morning of the accident, he and his helpers set up their equipment in the north part of the second floor hallway. The equipment consisted of a table, a canvas drop cloth and a paste bucket. There is a dispute as to whether or not the equipment also included a tool box. Defendant and his helper were not working at the situs of the equipment but were hanging paper in the north end of the building. The table was placed against the east wall and the canvas was placed under the table and over the carpeted portion of the hallway. According to plaintiff's testimony, it was ruffled and uneven. According to defendant it was folded three times then spread evenly on the floor. The bucket and the tool box, if there at the time of the accident, were on the west side of the hall and apparently far enough to the south of the table to permit an unobstructed passageway down the hall.

As plaintiff approached the point of the accident she noticed the canvas covering on the floor and stepped on it with her left foot. In attempting to bring her right foot forward she either misjudged the height of the canvas or caught her right heel in a fold or ruffle of the covering and tripped to the floor. In falling she fractured her hip and suffered certain other personal injuries. A jury returned a verdict in favor of plaintiff and this appeal followed.

Appellant makes numerous assignments of error but they can be answered by disposing of two fundamental questions. These are: (1) Was the evidence sufficient to permit the jury to find that defendant failed to exercise due care in not blocking the hallway or in not properly laying the canvas? and (2) Was respondent guilty of contributory negligence as a matter of law? If these questions are answered against the contentions of appellant, then for all practical

purposes we have disposed of the other assignments of error.

We are of the opinion that the evidence is sufficient to permit a jury to pass on the question of defendant's negligence. He placed his equipment in the hallway of a large apartment house and knew that people of various ages and with varying degrees of perception and judgment would be traversing the halls. There were other stairways and exits that could be used and undoubtedly would have been used had appellant placed a barricade of some kind to close off the unsafe area. If defendant was required to place his equipment in the hall where it would constitute a hazard to parties traversing the passageway, then a blockade should have been erected and appropriately placed to discourage persons from passing over or near the equipment. The amount of equipment placed in the hall was not sufficient to deter persons from using that part of the hall and failure to barricade the hallway would seem to indicate to persons using the hall that the same was reasonably safe for use. If such was the case, the defendant could reasonably anticipate that tenants would continue to use the hall as a way to and from their apartments. It thus becomes a question for the jury to determine whether placing the canvas on the floor of the hall folded, ruffled or uneven in such a way as to extend some distance above floor level, was due care. We are satisfied from the evidence in this case that the jury could conclude the defendant did not exercise reasonable care when he placed the canvas on the floor or when he failed to take any precautions to prevent tenants from traveling over the portion of the hall he was using.

The most difficult issue in the case grows out of the claim that plaintiff was guilty of contributory negligence. In dealing with her negligence, emphasis is placed on the fact that Mrs. Baker saw the equipment in the hall and was negligent in pursuing the course she took for two reasons: (1) There was a safer course readily available to her and

(2) she failed to use due care in the manner in which she attempted to proceed over or by the equipment. We treat these contentions seriatim.

In the case of *Moore* v. *Miles,* 108 Utah 167, 158 P. 2d 676, this court passed on the question of a hotel guest's contributory negligence in choosing an unsafe route. In that case the invitee had two ways of reaching a parking lot from her room in the hotel. One route was down a well-lighted stairway to the lobby and the other along and down a poorly lighted hall and stairway. She chose the latter course and the hotel contended she was negligent as a matter of law in that she failed to choose the safe course. In our decision in that case we quoted with approval the following excerpt from the case of *Tillotson* v. *City of Davenport,* 232 Iowa 44, 4 N. W. 2d 365, 366:

"It is well settled that mere knowledge that a walk is dangerous, unsafe for travel, is not sufficient to establish contributory negligence though there is another way that is safe and convenient, and to defeat recovery it must appear that the traveler knew or as an ordinarily cautious person should have known that it was imprudent to use the walk. *Templin* v. *City of Boone,* 127 Iowa 91, 102 N. W. 789; *Reynolds* v. *City of Centerville,* 151 Iowa 19, 129 N. W. 949; *Gibson* v. *City of Denison,* 153 Iowa 320, 133 N. W. 712, 38 L. R. A., N. S., 644; *Travers* v. *City of Emmetsburg,* 190 Iowa 717, 180 N. W. 753; *Lundy* v. *City of Ames,* 202 Iowa 100, 209 N. W. 427; *Franks* v. *Sioux City,* 229 Iowa 1097, 296 N. W. 224."

Conceding that respondent saw the equipment in the hall, unless it was imprudent for her to proceed along that course she was not bound to take a safer way. The danger portrayed by the manner in which the equipment was placed in the hall was not so serious that plaintiff can be charged with indiscretion or lack of due care in not deviating from her usual course of exit from the building. The hallway was for the use of the tenants, the absence of barricades would lead a person to believe the route was not dangerous, the presence of the table, canvas

and bucket would not suggest exposure to injury, and if plaintiff believed that by using ordinary care she could traverse the hallway in safety she was not negligent. Plaintiff did not know she was taking an extraordinary risk and she had no idea that she was traveling over an unsafe course and no reason to suspect a hazardous condition. Leaving the hall unblocked would create the belief that it was not necessary to proceed down one of the other stairways to avoid injury and plaintiff's decision to continue along her usual path after observing the articles on the floor would only place on her the duty to exercise that degree of care which would be exercised by a prudent person with knowledge of the existing conditions. Under the facts and circumstances of this case it was for the jury to determine whether or not plaintiff exercised due care and caution when she elected to continue down the hallway on the second floor rather than to proceed by a route not usually travelled by her. We cannot say that plaintiff should be charged with contributory negligence as a matter of law by reasoning of her choice of route and defendant's contention based on this ground must be overruled.

The last contention to be disposed of deals with the claim that plaintiff was guilty of contributory negligence in stepping onto the canvas and catching her heel. We must keep in mind that the burden is upon the defendant to establish this claim and that unless all reasonable minds must conclude that Mrs. Baker was negligent in the manner in which she attempted to get over the canvas the question of her due care must be submitted to the jury for determination. We must also keep in mind that this case falls within that category of cases dealing with pedestrians who are subjected to unnecessary hazards by the thoughtless conduct of others. Ordinary reasonable persons will trip over objects, stumble over obstructions, slip on slick surfaces and fall into holes or excavations. Even though they may see the object they sometimes fail to comprehend and anticipate the incident which precipi-

tates the injury. Usually whether a reasonable person would have properly appraised the situation and escaped injury is for a jury to determine.

The only evidence touching on contributory negligence was given by the plaintiff and it deals with her seeing the canvas on the floor, stepping over the "rumpled end" with her left foot and catching the heel of her right shoe in a hole or in a bunched part of the canvas. The exact manner in which her heel became enmeshed in the folds or checked by the end of the canvas can not be determined. However, Mrs. Baker either miscalculated the thickness or the uneven heights of the folds and failed to step high enough to clear the top or had her heel caught in a hole formed by the folds.

In passing over the canvas Mrs. Baker is charged with exercising that degree of care which a prudent person would exercise under those particular circumstances, and as a general rule, the degree of care she was required to exercise would be in proportion to the danger suggested by the presence of articles on the floor. Here, the danger or hazards were slight and extraordinary vigilance was not required. The situation was largely static, no great potentialities for harm were apparent, and Mrs. Baker was not hurrying or rushing down the hall. She was conscious of her duty to use due care in passing over the carpet covering. She was bound to exercise her sense of sight but the ordinary use of this sense does not require that she exactly calculate or determine every possible means of escaping injury. There is a zone of probable error permitted to her before she can be charged as a matter of law with not having used due care, and the determination of this zone is a jury function. If the canvas was folded in three folds, or if it was wrinkled and uneven, it is reasonably possible that in rapidly surveying the situation the plaintiff might have misjudged the height it would be necessary for her to step to clear the

highest parts of the canvas. Reasonable care is not confined within the narrow limits of exactness and Mrs. Baker's conduct does not depend entirely upon her ability to estimate carefully and accurately height or clearance. She was an elderly lady of 71 years of age and undoubtedly her sight and perception were somewhat impaired by age. She may not have been able to see clearly the thickness of the canvas or the height necessary to step safely over the folds. Inability of individuals to estimate accurately, impaired vision of elderly people, blunt perception and imperfect judgment of ordinary persons must all be considered in determining due care. With an apparently innocent situation confronting her, plaintiff was not required to pass at all hazards.

Under the facts of this case, negligence and contributory negligence are peculiarly matters which should be determined by a jury. The many variable factors to be considered in this type of case are such that standards of due care should be determined by the triers of the facts and not by the court. The jury having found the issues of negligence and contributory negligence in favor of plaintiff and against defendant, the verdict and judgment are affirmed. It is so ordered.

WADE, WOLFE, and McDONOUGH, JJ., concur.

PRATT, Chief Justice (dissenting).

I desire to state some of the facts and testimony in this case, as a matter of emphasis.

On the morning in question, near the front stairway, defendant had a papering table set up against the east wall of the hallway. This table was about 7 feet long and 3 feet wide. Opposite the south end of the table was a paste bucket, which plaintiff admits was there. Defendant claims the bucket was sitting on a tool box some 18 inches by 18 inches in size, which was anywhere from 2 to 6 inches east

of the west wall. Plaintiff does not recall any tool box. The canvas in question was spread under the table to catch paper clippings. Three lights were on around the scene.

Plaintiff started for work that morning and, instead of taking either the side stairs, or the back stairs, she passed toward the front stairs. In moving between the bucket and the table she stepped over a bunched place in the canvas with her left foot, but caught the heel of her right foot therein, and as the table prevented the canvas giving with the pull, she tripped and fell.

We quote plaintiff's version of her accident:

"Q. Mrs. Baker, you said the canvas wasn't folded like it is shown in the Exhibit 1 which Mr. Richards showed you. Is that correct?

A. That's right, it wasn't folded like that.

"Q. Did you observe whether it was folded at all? A. Well, I couldn't say as to that. I know it wasn't smooth, and I had to step over it. *It was uneven, and I felt that it was bunched at the end of the table, though, just crumpled up and bunched there, and I did step over with my left foot and caught my right heel in it,* and it was held down by the table and didn't give, and it threw me down.

"Q. *And you observed that condition before you stepped over*—A. *I did.*

"Q. —*with your left foot?* A. Well, I was walking along the hallway on my way out to go to work as I always do, and *I had no hesitancy about it* because it seemed perfectly all right, *I could step over that.*

"Q. You say you observed the bucket there? A. Yes, I recall there was a bucket, and it seems to me it was right against the wall, and I can't remember any box whatever, and the bucket wasn't as a barricade across. I know that because I wouldn't have pushed the bucket aside or stepped over it.

"Q. But you do remember the bucket being there—A. Yes.

\* \* \* \* \*

"Q. You say you don't recall the tool chest being over there? A. I can't recall there was a box of any kind.

"Q. It could have been there, and you just not notice it. Isn't that correct, Mrs. Baker? A. I wouldn't say there was or wasn't.

I didn't—I don't have a picture of it in my mind at all. *I definitely have a picture of that bucket as I just walked around with plenty of room, the table and the canvas and the rumpled part of the canvas. I have a very plain picture in my mind about that.*

"Q. How high did the bucket appear to be, Mrs. Baker? A. Well, I couldn't say how high it was. It wasn't very high. May have been before they were ready to bring the paste. I don't know. I just didn't pay attention. It had the appearance of a waste can rather than a paste can. That is what I would say now. I, of course, wasn't examining it then and thinking about it.

\* \* \* \* \*

"Q. But it was west of the table so it left a very narrow passageway for you to get between the bucket and the tables. Is that correct? A. Well, it didn't obstruct the passageway. There was plenty of room. I had not thought of not being able to get through. The walk was wide enough to go through.

"Q. You thought it was wide enough to get through? A. Oh there wasn't anything to make me feel that there was no room to get by because there was room to get by." (Italics added.)

There appears to be no conflict about this testimony.

The specific allegations of negligence found in the complaint are these:

"(a) That the cloth and covering put up on the floor to protect the same was laid or permitted to become ruffled and uneven, so that people traversing said hallway across and over said covering might catch their feet in the same and fall.

"(b) That said defendants negligently and carelessly permitted their tools and equipment to become strewn in said hallway so that they would be a hazard to people walking down said hallway.

"(c) That the defendants failed and neglected to advise and warn individuals using said hallway, and particularly their tenants and said plaintiff, that they should not walk along said passage.

"(d) That said defendants failed and neglected to place barricade or signs across said hallway so that tenants and other people would be warned not to use said hallway and permitted people to traverse back and forth along said hallway."

The answer denies these allegations and sets up contributory negligence. Ten errors are assigned on this appeal

as to why the judgment of the lower court should be reversed. The most important question in the case however, is that involved in a consideration of the above testimony.

It seems obvious from plaintiff's testimony that she recognized from the appearance of the canvas that it might cause her difficulty if she walked across it. For that reason she undertook to step over it. She was successful with her left foot. She stated she could step over it. In other words, there was nothing about its condition that physically prevented her accomplishing the stepping over. Her lack of success in getting her right heel over, under such testimony, is attributable to her own miscalculation.

The question thus develops into one of whether or not, assuming that defendant was negligent in the manner he maintained the passageway between his papering table and the bucket, the chain of causation is broken by the plaintiff's exercise of her own judgment as to what she should do upon discovery of a bad situation. It should be kept in mind that plaintiff was not suddenly confronted with a danger that called for quick judgment to avoid injury. She knew what was being done in the hall. She saw the table, the bucket, the canvas and made an estimate of the situation. She knew of the other stairways. She was a woman 71 years of age, and undoubtedly knew of her own physical limitation. She was confronted with a situation that required no warning to her, as she recognized its potentialities; and from which she could have retreated, had there been any question in her mind as to her physical ability to accomplish the result she desired. And finally, as she undertook the stepping across, there was no change in bucket, table, or canvas that necessitated a change in physical movement of following the successful left foot with the unsuccessful right foot—such for instance, as if a wind had suddenly raised the canvas to catch her right foot in a movement which but for the raising of the canvas would have been as successful as the left foot.

I am of the opinion that plaintiff's own testimony defeats her case, as her exercise of her own judgment breaks the chain of causation between defendant's acts, or a failure to act and the resulting injury.

Defendant has assigned as error the lower court's failure to direct a verdict. I think that assignment is well taken.