MORRIS v. FARNSWORTH MOTEL, et al.

No. 7947.   Decided June 23, 1953.   (259 P. 2d 297.)

See 43 C. J. S., Innkeepers, sec. 23. Contributory negligence of guest. 28 Am. Jur., Innkeepers, sec. 64; 163 A. L. R. 587.

*Irwin Clawson* and *Dean W. Sheffield,* Salt Lake City, for appellant.

*Richard H. Nebeker,* Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff, Dr. Lawrence Morris, seeks recovery for breaking a toe on his left foot by stubbing it against a chair in defendants' motel bedroom.

The questions: (1) Does the fact that, during Dr. Morris' absence, defendants moved a chair and left it in the pathway to the bathroom where it was obscured by shadows constitute negligence on defendants' part, and (2) Was Dr. Morris guilty of contributory negligence in running into the chair?

Dr. Morris and his wife, residents of Salt Lake City, were vacationing in El Paso, Texas, when the incident occurred. He returned home, brought this action here and got personal service on Dewey Farnsworth, one of defendant partners, when the latter was on a trip to Utah. After the taking of plaintiff's deposition, defendants moved for summary judgment pursuant to Rule 56, Utah Rules of Civil Procedure, which was granted. Plaintiff appeals.

Under such circumstances, the party against whom the summary judgment is granted, is entitled to the benefit of having the court consider all of the facts presented, and every inference fairly arising there-

from in the light most favorable to him;[1] which we do in reviewing the incident.

Dr. Morris and his wife arrived at the motel in the early evening of May 23, 1952; he remembers noting that the way to the bathroom was unobstructed; after bathing and changing his clothes, he left the room, not to return until about 10:30 p. m. In the interim, Dewey Farnsworth and a motel employee had been in the room; had moved a chair and left it in what would be the pathway from Dr. Morris' bed to the bathroom. Light shining from neon tubing on the outside of the building illumined the room to the extent that plaintiff could pick out general objects within. He states that, as his wife was sleeping, he did not want to disturb her, so he undressed in the semi-darkness, changed into his pajamas and then walked from his bed toward the bathroom where he stubbed his toe on the chair. He also avers that the chair was in a portion of the room where it was obscured by a shadow.

Setting aside for the moment the question as to whether defendants were negligent, we address ourselves to the problem of plaintiff's contributory negligence. Dr. Morris appears to be confronted with two horns of a dilemma, either (a) the room was sufficiently lighted so that he could and should by the exercise of ordinary, reasonable care and observation for his own safety see the chair and avoid walking into it, or (b) the room, or the portion thereof in question, was so dark that he could not see an object such as a chair, in which event due care would have required him to turn on a light.

As to alternative (a), the statement of the proposition answers itself. An object the size of a chair is something which one using ordinary care ought to see; and that he should heed it, the Doctor's unfortunate experience painfully demonstrated.

[1]*Ramsouer* v. *Midland Valley R. Co.*, 8 Cir., 135 F. 2d 101; *McLain* v. *Haley*, 53 N. M. 327, 207 P. 2d 1013.

Plaintiff's argument as to alternative (b) above is that because the outside neon gave a dim but fair lighting to the rest of the room, he was justified in walking into the shadow on the way to the bathroom under the assumption that the pathway was clear, as it had been before. With this we are constrained to disagree. There were two lights in the room easily accessible to plaintiff's use: An overhead light and a bed lamp. The latter could have been used in such a way as to run no risk of awakening his wife. Where facilities or equipment are provided which may be used for safety, the landlord has the right to assume that the guest will make reasonable use thereof and exercise ordinary care in taking precautions for his own safety.[2] The principle is the same whether the entire room, or only a portion thereof, was dark. The light being readily available, if the plaintiff chose to ignore that fact and walk into a darkened area where he could not see, and stumbled into a chair, how could it reasonably be said that someone else is to blame? Who has not at some time or other had such an experience? It is painful, exasperating and provocative of expletives unfit for the printed page; and but human to blame something or someone else, if only the family dog, for such a mishap. But upon mature reflection, rational minds will be of one accord as to where the responsibility lies. Whether Dr. Morris chooses alternative (a) above, that the room was light, or (b) that it, or a portion thereof, was dark, we see no escape for him: we believe all reasonable minds would conclude that he was guilty of contributory negligence.

Plaintiff is correct in his contention that the defendants had a duty to use due care to guard against defects or conditions that might reasonably be foreseen would cause its guests injury and that he was entitled to rely upon the defendants performing such duty.[3] But the case of *Baker* v. *Decker*[4] cited in support of his contention

---

[2] See 65 C. J. S., Negligence, § 15.
[3] Restatement Torts § 343 comment d. (1934).
[4] 117 Utah 15, 212 P. 2d 679, 683.

is not analogous to our fact situation. There we held that a 71-year-old lady was not contributorily negligent as a matter of law in catching her heel in some rumpled canvas in an apartment house hallway. The court there also reposed some importance upon the fact that her sight and perception were undoubtedly somewhat impaired by age, stating that

"Inability of individuals to estimate accurately, impaired vision of elderly people, blunt perception and imperfect judgment of ordinary persons must all be considered in determining due care."

The rumpled canvas on the floor is not comparable to the chair in the motel room. A chair is among the usual and necessary furnishings of such a room and is reasonably to be anticipated as being found therein. The only hazard existing in connection with it was created by Dr. Morris himself in failing to turn on the light which he easily could have done. If he had stumbled over a box, a ladder, or some other strange object not reasonably to be expected in the room, the situation might have been quite different. It is obvious that the facts in the Baker case just referred to are not analogous to, nor the rule therein laid down controlling in the instant situation.

Although we are sensitive of the duty of courts to safeguard the rights of citizens to have grievances fully tried on the merits to courts and juries under proper circumstances, this does not lead to the necessity or desirability of such submission where, taking the evidence and all fair inferences therefrom most favorable to a plaintiff, all reasonable minds must yet conclude that his own lack of due care proximately contributed to cause his injury. Such appears to be the situation here, as the trial court correctly indicated in granting the motion for dismissal. This conclusion obviates the necessity of con-

sidering whether there was a jury question as to defendants' negligence in the placement of the chair.

Affirmed. Costs to respondents.

McDONOUGH, J., concurs.

WOLFE, Chief Justice.

I concur with Mr. Justice CROCKETT and also with the observations made by Mr. Justice WADE as to the defendant's conduct.

HENRIOD, Justice.

I concur in the result. However, the majority opinion asserts that plaintiff finds himself on the horns of a dilemma both of which find him impaled by contributory negligence. The second horn was that it was

"so dark that he could not see an object such as a chair, in which event due care would have required him to turn on the light."

In such event his failure to turn on the light was contributory negligence committed before he broke his toe, and hence would disallow recovery no matter what object in the dark physically was responsible for the injury. Hence I cannot subscribe to what appears to me to be an inconsistent statement in the main opinion when it is said that

"If he had stumbled over a box, a ladder, or some other strange object not reasonably to be expected in the room, the situation might have been quite different",

—an assertion which to the writer, emasculates the basis upon which the decision was rendered.

WADE, Justice (concurring in the result).

I concur with the result though I do not think the evidence was conclusive that plaintiff was guilty of contributory negligence. Though in walking around the dark

room plaintiff took some risks which he could have avoided by turning on a light, and he could not expect to keep in mind the exact position of a chair which can be expected to be moved almost anytime, still the test of negligence is did he use ordinary care, not whether he took known risks. Life is full of risks, sometimes ordinary, prudent persons avoid one risk only to create another, and sometimes they take risks to avoid inconvenience, discomfort or danger to others. There are many variations in the words and meaning of the definitions of negligence, but all of them suggest a relationship between negligence and what is ordinarily done under the existing circumstances by ordinary prudent people. It would seem that a person cannot fail to use ordinary care when he does only that which almost every one does at times under the circumstances and that in such a case we should not hold him negligent as a matter of law. Under the circumstances here presented I believe that most people not only might but do move around dark rooms without turning on a light. So I think it would not be unreasonable to find that plaintiff was free from negligence.

Applying this same test to defendant's conduct I think we must hold as a matter of law that he was free from negligence. If the owner placed a stepladder, a bucket of paint or a permanent fixture where he placed this chair I think that probably would present a jury question on whether he was guilty of negligence. For such objects are not commonly found in such places, and a person doing such an uncommon act should be expected to foresee that a hazard was thereby created. But chairs are necessarily mobile objects which are often moved without much consideration of whether a hazard is thereby created. Usually an accident involving a chair causes only momentary discomfort or slight inconvenience, not real injury. So I think it is clear the defendant's act of moving the chair is the same as any one might do under these conditions, and that it would be unreasonable to find that he should have foreseen that a hazard was thereby created.

This theory avoids the difficulty suggested by Mr. Justice HENRIOD to the prevailing opinion. For a person might well anticipate that placing a permanent fixture or some other unusual object in the room would create a hazard but think nothing of moving a chair from one place to another in the room.