Kenneth V. McKAY and Betty McKay, husband and wife, Plaintiffs and Appellants,

v.

SALT LAKE CITY, a Municipal Corporation, Defendant and Respondent.

No. 14149.

Supreme Court of Utah.

March 15, 1976.

Brant H. Wall, Salt Lake City, for plaintiffs and appellants.

Roger F. Cutler, Salt Lake City Atty., Ray L. Montgomery, Asst. Salt Lake City Atty., Elliott J. Williams, Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiffs McKay sued for damages caused the lawn, shrubs and sprinkling system of their home on the southwest corner of University Avenue and First South when the defendant City widened and lowered the street grade. On the basis of the pleadings, affidavits, and exhibits the district court granted defendant's motion for dismissal on the ground that the plaintiffs had failed to give the notice within 90 days of the injury, required by Section 63–30–13, U.C.A.1953, of the Governmental Immunity Act. Plaintiffs appeal.

The work in connection with the widening, lowering and restructuring of First South Street was commenced in August of 1972 and continued as weather permitted through the winter months, at least until during March of 1973. There were discussions between plaintiffs and officials of the City Street Department as to the damages resulting to their property and what measures would be taken to restore it to a suitable condition. The City says that in February the street commissioner gave the plaintiffs what it asserts was in the nature of an ultimatum that they could take $2,400 and make the necessary restoration, or that the City would spend that amount for that purpose; and the City argues that this point is when the time in which the plaintiffs had to file a claim commenced to run.

The plaintiffs' version, supported by averments in their affidavits, is that the commissioner's statement to them was but a proposal; and that the City agreed that the plaintiffs could have a reasonable time to obtain expert advice, study the proposal and respond thereto. They also assert that they proceeded with reasonable dispatch to

investigate and were unable to obtain a contractor who would construct a retaining wall and repair the damage for the amount indicated, which fact they communicated to the City; and that it was not until the middle of the summer that they were finally made aware that the City would not satisfy their demands with respect to such restoration; and that they then caused notice of their claim to be served upon the City on September 28, 1973.

Essential to an analysis of the problem here involved is the fact that plaintiffs' causes of action have two aspects: they allege that the City caused damage in and upon the plaintiffs' property; and they also allege that such damages resulted from defective conditions which were created and so left without proper restoration in the street adjacent to their property.[1]

The statutes applicable to the issue of the defendant City's liability and the timeliness of the filing notice of claim herein are:

Section 63–30–8 provides for the waiver of sovereign immunity for injuries caused by any ". . . defective, unsafe, or dangerous condition of any . . . street . . .."

Section 63–30–13 provides for the time for filing notice:

A claim against a political subdivision shall be forever barred unless notice thereof is filed *within ninety days* after the cause of action arises; *provided,* however, that *any claim* filed against a city or incorporated town *under section 63–30–8 shall be governed by* the provisions of section 10–7–77, Utah Code Annotated, 1953.

Section 10–7–77, to which the just quoted section refers, provides:

Every claim against a city or incorporated town for damages or injury, alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge of such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert or bridge, *shall within six* months after the happening of such injury or damage *be presented* to the board of commissioners or city council of such city, or board of trustees of such town, *in writing,* . . .. [All emphasis added.]

The trial court appears to have assumed that the plaintiffs' claim should be barred because it was not filed within 90 days as stated in the first provision of Section 63–30–13 quoted above. But by a liberal contruction of the pleadings, to which the plaintiffs are entitled in the face of a motion to dismiss,[2] it will be seen that because of the allegation of damage due to a defective condition in the street, at least one aspect of plaintiffs' claim would come under Section 63–30–8 which the second provision of the just quoted statute provides shall be governed by the provisions of Section 10–7–77. As shown by the emphasized language quoted above, that section provides that for claims for damages alleged to have been caused by any defective condition of any street, notice shall be given within six months after the happening.

Consistent with what we have said herein, it appears that there is dispute between the parties as to whether the work had been completed; and whether the City would do more work on the project, or leave it to the plaintiffs to have it done. We therefore do not see any basis to justify an assumption of fact that the plaintiffs' grievance had finally ripened into a claim which could and should have been filed in February, or even in March, and thus have started the time allowed for filing it to run against them; nor for the further assumption that the claim was not one arising out of Section 63–30–8 for damages caused by

---

1. See Section 10–8–89, U.C.A.1953, concerning the city's liability for damages caused by the changing of grade in a street.

2. *Thompson v. Ford Motor Co.,* 16 Utah 2d 30, 395 P.2d 62; *Morris v. Farnsworth,* 123 Utah 289, 259 P.2d 297.

a defect in the street for which plaintiffs would have been allowed six months to file their claim.

Consequently, we agree with the plaintiffs' contention that there is dispute as to whether they gave the City written notice of their claim within the time required and that the trial court erred in dismissing their complaint on that ground. It is therefore necessary that that ruling be vacated and that this case be remanded for further proceedings. No costs awarded.

TUCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in the result for the reason that I think this case is not an action for damages caused by any defective, unsafe, dangerous or obstructed condition of a street as set out in Section 10–7–77, U.C.A.1953. That part of the statute has to do with damages caused by a defect or obstruction in the street and it relates to travel upon the street.

So far as the record in this case shows, there was nothing dangerous, defective or unsafe about the street. The claim made is that of removing lateral support and trespass. In fact, plaintiff states in his brief the following:

> During the course of the construction work the Defendant caused the grade of the street and side-walk adjacent to Plaintiff's property to be substantially changed and in the process thereof removed the old side-walk and parking area, and as a result of substantial excavation removed the lateral support adjacent to Plaintiffs' property. Also the construction activities destroyed portions of the Plaintiffs' sprinkling system, removed substantial vegetation, ornamental plants, portions of stair-well thereby destroying access, and removed quantities of soil from Plaintiffs' property and trespassed upon the Plaintiffs' land and premises.

For claims against a municipality other than for damages from the dangerous, etc., condition of the street the section cited above is specific. It says:

> Every claim other than claims above mentioned [defects in the street] against any city or town must be presented, . . . to the governing body within one year after the . . . claim accrued, . . . ..

In the instant matter the claim was presented within one year after it accrued. I therefore concur in remanding this case for further proceedings.

HENRIOD, C. J., concurs in the views expressed in the opinion of ELLETT, J.